No. 46,305

BARBARA L. BECK, *Appellee,* v. DWIGHT O. BECK, *Appellant.*

(490 P. 2d 628)

Opinion filed November 6, 1971.

*Boyce P. Hardman,* of Diets and Hardman, of Great Bend, argued the cause, and was on the brief for the appellant.

*Arthur C. Hodgson,* of Hodgson and Kahler, of Lyons, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This is an appeal by a husband from the trial court's ruling on a postdivorce motion to discontinue alimony previously awarded to the wife.

The journal entry of divorce, which became effective January 11, 1968, dealt with child custody and child support, allocated the parties' real and personal property, and provided: "The plaintiff is allowed alimony in the total sum of $7,500.00 payable at the rate of $75.00 per month until fully paid or until further order of the court."

Appellant's motion to discontinue alimony was filed April 9, 1969, and was based on the fact that his former wife had remarried in January, 1969. At the hearing on the motion the fact of appellee's remarriage was established through judicial notice; no other evidence, except for a showing of the amount of alimony previously paid, was introduced. The trial court entered an order reducing the total alimony obligation of appellant to $5,000 and reducing the rate of payment to $50 per month. Appellant's motion to reconsider was denied, the trial court adhering to its original decision, and this appeal followed.

If the original award of $7,500 was in fact alimony, this case is controlled by *Herzmark v. Herzmark,* 199 Kan. 48, 427 P. 2d 465. In that case three members of this court were of the view that the remarriage of a recipient of alimony should operate *ipso facto* to

terminate the obligation to pay future alimony. The majority were unable to go so far, but did hold that proof of remarriage makes a *prima facie* case requiring termination of future alimony unless the recipient proves special circumstances justifying its continuance. No such evidence was introduced here, and *Herzmark* would appear to dictate a reversal.

The trial court, however, both in its original memorandum decision on the motion to modify and in its memorandum decision on the motion for reconsideration, takes the position that the award of $7,500 was in the nature of a property settlement. Thus the court stated in its first memorandum: "This Court does not believe that the mere fact of remarriage entitles one to be relieved of its obligation whether the matter be termed 'alimony' or 'property division.'" On reconsideration the court stated: "The Court believes that under the provisions of K. S. A. 60-1610C the Court may award money as a division of property. The Court in his Memorandum Decision of May 15th reduced the amount from $7,500 to $5,000."

These statements, we believe, demonstrate an impermissible confusion and commingling of the concepts of property settlement and alimony. As pointed out in *Herzmark*, the two are separate and distinct things, separately authorized by statute and serving different functions. The first operates retrospectively to adjust the rights of the parties to property already accumulated, while the second is prospective and deals with future support. As a result, we said there and emphatically reiterate here, *"When the original decree of divorce is entered care should be exercised so that any payments to equalize the division of property are not included with payments for future support denominated as alimony."* (*Id.*, at 52. Emphasis supplied.)

Here, the original decree made extensive provision for the allocation of the property of the parties. At trial appellant was cross-examined as to his ability to pay "alimony" and his views on a reasonable sum. The $7,500 item was denominated in the decree as "alimony" and was made payable only "until further order of the court." Appellant's counsel originally urged that the decree should provide for the termination of alimony upon appellee's remarriage, citing *Herzmark* to the trial court, but at that time the court wished to reserve its decision on the question. The court's reservation of the right to modify the sum and the subsequent order in fact modifying it are wholly inconsistent with the concept of a property settle-

ment. A property division, once it becomes final, is beyond the power of the court to modify. *Flannery v. Flannery*, 203 Kan. 239, 452 P. 2d 846, Syl. ¶ 5. Hence, if the $7,500 were purely a property settlement, the trial court's action in reducing it would have been erroneous.

From the record as a whole it appears that at the time the divorce was granted both court and counsel regarded the sum as alimony. This being so, in the absence of evidence on behalf of the appellee the court's order of modification should have been an outright termination, cancelling the appellant's obligation for any installments which had "not already become due" at the time he filed his motion. K. S. A. 1970 Supp. 60-1610 (c); cf. *Ortiz v. Ortiz*, 180 Kan. 334, 340, 304 P. 2d 490.

Appellee urges that we should not reach the merits of this appeal because of an alleged failure of appellant to serve his order for transcript upon the court reporter within the time prescribed by Rule No. 6 (a). A motion based on this ground was presented to and overruled by the trial court. The record on this point is not clear, but assuming the question is before us we find no abuse of the trial court's discretion in refusing to dismiss the appeal.

The order of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

APPROVED BY THE COURT.