No. 46,420

Linda A. Wright, *Appellee,* v. Robert S. Wright, *Appellant.*

(498 P. 2d 80)

Opinion filed June 10, 1972.

*Robert S. Wright,* of Houston, Texas, pro se, argued the cause, and was on the brief for the appellant.

*William E. Enright,* of Scott, Quinlan and Hecht, of Topeka, argued the cause and *Robert D. Hecht,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is an appeal by a husband from an order of the district court refusing to terminate future alimony installments previously awarded to the wife in a divorce decree. The wife remarried subsequent to the granting of the divorce.

The original divorce decree which became effective on February 3, 1970, provided for a division of property, custody of the minor child of the parties and for child support. In addition the decree provided for an award of permanent alimony to the wife in the following language:

"It Is Further By the Court Considered, Ordered, Adjudged and Decreed That Defendant be and he is hereby ordered to pay to Plaintiff through the Clerk of the District Court of Shawnee County, Kansas, an allowance for future support, which is by the Court hereby denominated as permanent alimony as follows:

. . . . . . . . . . . .

"B. That Defendant be and he is hereby ordered to pay the sum of Five Thousand dollars ($5,000) to Plaintiff as an allowance for future support, which is by the Court hereby denominated as permanent alimony, in periodic monthly installments of One Hundred dollars ($100) each, commencing

on the 15th day of February, 1970, and a like sum on the 15th day of each month thereafter until the 1st day of April, 1972, at which time said periodic monthly installment to be increased to the sum of One Hundred Fifty DOLLARS ($150) per month and a like sum payable on the 1st day of each month thereafter until the said total sum of Five Thousand DOLLARS ($5,000) has been paid by Defendant unto the Plaintiff. IT Is FURTHER ORDERED That said permanent alimony so provided for shall not terminate because of the death or remarriage of the Plaintiff, but shall be paid by said Defendant until said full amount has been paid in full."

On December 14, 1970, the appellant, Robert S. Wright, filed a motion to modify the judgment of divorce, requesting the court to terminate alimony payments not yet due and payable, by reason of the remarriage of the appellee. A hearing was had before the district court on appellant's motion and the motion to modify the divorce decree was denied. There was no dispute as to the fact of remarriage of appellee. The trial court in its memorandum letter denying the motion to modify took the position that under the provisions of K. S. A. 1971 Supp. 60-1610 (c) the court may award an allowance for future support denominated alimony in such an amount as the court finds fair and just under all the circumstances, and that the decree may make the future payments continuous and terminable under the circumstances prescribed therein. The trial court further pointed out that in granting relief for the appellee in the divorce decree, the court took into consideration the circumstances of the parties existing at the time of the divorce and concluded that the appellee was entitled to a lump sum amount of $5,000 payable in installments but not subject to modification by remarriage or death. Hence the trial court concluded that the appellant was obligated to pay the full lump sum amount of $5,000 in installments as ordered without regard to the remarriage of the appellee. From the order of the trial court refusing to terminate future alimony payments the appellant has brought a timely appeal to this court.

At the outset it should be pointed out that the decree of divorce entered in this case and providing for alimony was not based upon a separation agreement of the parties. It should be further emphasized that no division of property of the parties is involved here and that the alimony which was awarded in the lump sum of $5,000 payable in installments was designated as future support for the wife. It is admitted by the appellee

that the wife has remarried and that there are no special circumstances or strong and compelling reasons in the appellee's situation which should place upon the appellant the burden of her continued support.

Under the circumstances of this case we hold that the trial court was in error in refusing to terminate alimony payments originally awarded but which had not already become due as of the date the appellant filed his motion to modify the judgment.

The controlling statute is K. S. A. 1971 Supp. 60-1610 (c) which provides as follows:

"60-1610. Decree. A decree in an action under this article may include orders on the following matters:

. . . . . . . . . . . . . .

"(c) *Maintenance.* The decree may award to either party an allowance for future support denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all of the circumstances. The decree may make the future payments conditional or terminable under circumstances prescribed therein. The allowance may be in a lump sum or in periodic payments or on a percentage of earnings or on any other basis. At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the alimony originally awarded that have not already become due, but no modification shall be made, without the consent of the party liable for the alimony, if it has the effect of increasing or accelerating the liability for the unpaid alimony beyond what was prescribed in the original decree."

In *Herzmark v. Herzmark,* 199 Kan. 48, 427 P. 2d 465, we held that a decree of future support denominated alimony may be modified on subsequent order of the court as provided by K. S. A. 60-1610 (c). We further held that remarriage of a recipient of alimony does not of itself operate to release the obligation to pay alimony, but proof of remarriage on a motion to modify makes out a *prima facie* case requiring termination of future alimony payments, and further that upon proof of remarriage a burden rests upon the married recipient to prove special circumstances justifying the continuance of alimony and absent strong and compelling reasons future alimony payments should be terminated. In *Herzmark* the decree provided in substance that the husband should pay as permanent alimony the sum of $600 per month "until further order of the court."

Later in *Beck v. Beck,* 208 Kan. 148, 490 P. 2d 628, the rule of *Herzmark* was held applicable where the wife was awarded alimony in a lump sum amount of $7500 payable at the rate of $75 per month until fully paid or until further order of the court. It should

be noted that in *Beck* the decree provided for an alimony award in a lump sum payable in installments.

In the instant case the award of alimony was made in a lump sum in the amount of $5,000 payable in installments but the decree provided specifically that the alimony "shall not terminate because of the death or remarriage of the plaintiff." The issue presented in the case at bar is essentially this: Can a district court avoid the rule of *Herzmark* and *Beck* by providing in the decree that alimony is not subject to modification or termination on death or remarriage of the wife? We hold that the answer to this question is in the negative.

There are no cases in Kansas exactly in point on this issue but we note that the general rule applied in other jurisdictions under similar factual circumstances is that where a court has the statutory power to modify a decree for alimony or support, a provision in a decree prohibiting the court from modifying the decree generally or only under certain circumstances is void, and the court may modify the decree notwithstanding such a provision. For a comprehensive annotation of cases supporting this rule we note the many cases cited in 166 A. L. R. 683, and in particular *Trowbridge v. Trowbridge*, 16 Wis. 2d 176, 114 N. W. 2d 129, and *Miller v. Miller*, 317 Ill. App. 447, 46 N. E. 2d 102. The rule is further recognized in 24 Am. Jur. 2d, Divorce and Separation, § 667.

In the instant case the district court had the power to modify the decree as to alimony awarded but not yet due under the express provisions of K. S. A. 1971 Supp. 60-1610 (*c*). In exercising such power the district court was required to act within the ambit of the rule established by *Herzmark* and *Beck*.

Applying the rule of *Herzmark* and *Beck* to the factual circumstances of the case at bar we hold that the trial court should have terminated future alimony payments not yet due since, admittedly, the wife had remarried and there were no special circumstances justifying the continuance of alimony payments. The trial court should have sustained the motion to modify and should have ordered an outright termination, cancelling the appellant's obligation for any installment payments which had not already become due at the time he filed his motion. (*Beck v. Beck,* supra; *Ortiz v. Ortiz,* 180 Kan. 334, 340, 304 P. 2d 490.)

The order of the trial court is reversed and the cause is remanded with directions to terminate alimony as of December 14, 1970, the date the appellant filed his motion to modify the decree.