No. 46,435

Riley O. Childers, *Appellant*, v. Roberta L. Childers, *Appellee*.

(499 P. 2d 1062)

Opinion filed July 19, 1972.

*C. Bruce Works*, of Topeka, was on the brief for appellant.

*George A. Scott* and *William E. Enright*, of Topeka, were on the brief for appellee.

*Per Curiam:* On May 19, 1967, appellee Roberta L. Childers filed for divorce, division of property and custody of children, but did not ask for alimony. On the 12th of October 1967, the petition was amended to ask for separate maintenance. Separate maintenance was granted, property divided and custody of the children given to the appellee-wife. Appellant-husband was ordered to pay support for the children. No alimony was granted.

On the 17th day of April 1970, the appellee-wife filed a petition for divorce and alimony. The appellant-husband pleaded that alimony was res judicata in that appellee-wife could have obtained alimony in the case filed in 1967. The court granted a divorce and alimony. The appellant-husband appeals from the grant of alimony.

The sole question presented is, did the failure to grant alimony in the 1967 case preclude the court from granting alimony in the 1970 case?

Actions for divorce and separate maintenance are not the same. In separate maintenance the residence requirement of six months is not applicable; there is no waiting period; there is no severance of the marriage relationship; each is still an heir to the other's estate; and the parties could resume their marital cohabitation without further ceremony. K. S. A. 1971 Supp. 60-1610 (*c*) referring to divorce says that alimony *may* be allowed. *Hardesty v. Hardesty,* 115 Kan. 192, 222 Pac. 102, separate maintenance was granted together with support for the wife and the children. In a subsequent divorce case, the wife was granted alimony and the husband appealed. We said at page 195:

"The statutory provision under which the order was made contains nothing indicating that such an allowance precludes an award of permanent alimony if a divorce is subsequently granted."

In *LeSueur v. LeSueur*, 197 Kan. 495, 419 P. 2d 817, we said at page 499:

"An action for divorce and separate maintenance constituted separate causes of action under the two sections of the old code and they still constitute separate causes of action under the single section of the new code."

The question of alimony not having been determined in the prior separate maintenance action it was properly before the court in the subsequent divorce case. The motion of the defendant to deny alimony was properly denied. The order of the lower court allowing alimony to the appellee-wife is affirmed.