(605 P.2d 162)
No. 50,300

MARSHA GRUNDY, *Appellee,* v. GORDON W. GRUNDY, *Appellant.*
Petition for review denied April 18, 1980.

Opinion filed January 25, 1980.

*Barry W. McCormick* of Payne & Jones, Chartered, of Olathe, for the appellant.

*Richard S. Wetzler* of Lytle, Wetzler, Winn & Martin, of Prairie Village, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an appeal by defendant from rulings of the trial court refusing to terminate alimony following remarriage of plaintiff, and determining the amount of alimony remaining due and owing to plaintiff.

The Grundys were divorced by decree entered by the District Court of Johnson County under date of May 25, 1972. The decree contained provisions for child custody and support, a division of property, and the following:

"IT IS BY THE COURT FURTHER ORDERED that defendant pay to plaintiff as and for alimony, the sum of TEN THOUSAND DOLLARS ($10,000.00) and that plaintiff be, and is hereby, granted a lump sum judgment against said defendant in said amount. IT IS FURTHER ORDERED that said lump sum judgment has some incidence of property division and said judgment will abate

on the death of the defendant, but will not abate on the subsequent remarriage of plaintiff. No interest will be owing on said judgment and defendant is hereby granted a stay of execution on said judgment so long as he makes monthly payments to plaintiff in the amount of SEVENTY-FIVE DOLLARS ($75.00) per month. IT IS FURTHER ORDERED that said payments shall be made to the Clerk of the District Court of Johnson County, Kansas, and all payments received by the Clerk from said defendant shall be credited first towards child support. In the event any payment on said judgment is delinquent by more than fourteen (14) days, the stay of execution on said judgment shall then immediately dissolve and the balance owing on said judgment shall become due and owing at once and shall bear interest at eight percent (8%) per annum and plaintiff shall be entitled to pursue any collection remedies provided by law. IT IS FURTHER ORDERED that in the event defendant remarries any other party, said monthly payments of $75.00 shall be increased to ONE HUNDRED FIFTY DOLLARS ($150.00) per month. In the event plaintiff remarries and should defendant desire to pay the entire balance at one time, said defendant shall be entitled to discount the outstanding balance at the date of said payment by ten percent (10%)."

Although not specifically so provided in the foregoing, payments of alimony were to be made on the first day of each month, commencing June 1, 1972. Defendant made all payments required of him to and including February 1, 1973, but none thereafter. Plaintiff remarried on March 23, 1973.

On April 17, 1978, plaintiff filed a "Motion to Determine Amount of Judgment" and defendant filed a reply seeking a termination of the alimony obligation. This cause was thereafter submitted to the court, which in its order made reference to the terms of the original decree and made findings to the effect that, after defendant's final payment on February 5, 1973, an outstanding balance remained on the "judgment" in the sum of $8,875; that on March 15, 1973, defendant was delinquent in his payments and the total of the then outstanding balance of $8,875 was due plaintiff with interest thereon at the rate of eight percent per annum; that defendant had not theretofore sought modification of the award; and that both plaintiff and defendant had since remarried. The court sustained plaintiff's motion and entered judgment in her favor against defendant for the sum of $8,875 with interest thereon at the rate of eight percent per annum from March 15, 1973.

Defendant has specified four issues on appeal, which may be summarized as follows: Under the facts and circumstances of this case, did the trial court err in sustaining plaintiff's motion to determine amount of judgment and in concluding defendant's obligation for alimony did not terminate upon plaintiff's remarriage?

Neither party makes any contention that the award of $10,000 was anything other than an allowance for future support denominated as alimony. Even so, it clearly was the intention of the trial court to clothe the award in a manner which would secure for plaintiff the whole of the amount, provided only that defendant would live long enough to meet that obligation.

Plaintiff suggests that, in light of the broad discretion permitted the trial court under the provisions of K.S.A. 1979 Supp. 60-1610(*d*), and the facts and circumstances of this case disclosed at trial, the court sought to accomplish this by entering a "lump sum judgment" against defendant and was justified in doing so.

On the other hand, defendant refers to *Herzmark v. Herzmark,* 199 Kan. 48, 427 P.2d 465 (1967); *Beck v. Beck,* 208 Kan. 148, 490 P.2d 628 (1971), and *Wright v. Wright,* 209 Kan. 628, 498 P.2d 80 (1972), and suggests that these cases set forth the law applicable to the case at bar and dictate a result different from that reached by the trial court. Defendant contends the language in the decree which purports to prohibit termination of alimony upon plaintiff's remarriage is contrary to the purpose of alimony and to public policy, and that a district court may not avoid the dictates of *Herzmark, Beck,* and *Wright* by providing that a lump sum alimony award payable in installments is a "money judgment" on the date of the decree, and hence not subject to modification under the statute. While we might agree with defendant's position under differing circumstances, we find it unnecessary in this case to determine the validity of the so-called money judgment.

The test of what was done by the original decree is not in its designation but in what actually was accomplished. It is apparent in this case that the decree as entered was in fact an award to plaintiff of alimony in a lump sum of $10,000 to be paid in installments as set forth. As such, it was subject to modification by the court as set forth in K.S.A. 1979 Supp. 60-1610(*d*). However, the decree also provided in effect that if defendant defaulted in the payment of any installment of alimony on the date it was due and remained in default of such payment for more than fourteen days, then all of the lump sum award then remaining unpaid was to become immediately due and payable and bear interest at eight percent per annum. The making of such provisions was within the sound judicial discretion of the trial court. There was no appeal and the award and the manner in which it

was to be paid are not now subject to challenge. It follows that whether the trial court was authorized to enter a lump sum money judgment on the date of the decree is immaterial, for pursuant to the acceleration provision of the original decree, all of the remainder of the award became due on March 15, 1973, and became a judgment against defendant on that date. As such, it will bear interest and be collectible as is any other judgment for money. See *Blair v. Blair*, 210 Kan. 156, 499 P.2d 546 (1972). The subsequent remarriage of plaintiff is not a factor.

Defendant also asserts that plaintiff's claim is barred by reason of laches.

"Laches is principally a question of inequity of permitting a claim to be enforced; an inequity founded upon some change in the condition or relations of the property or parties. It is delay that makes it inequitable to afford the relief sought and warrants the presumption that a party has waived his right. Laches is an equitable device to bar legal claims in certain instances." *Clawson v. Garrison,* 3 Kan. App. 2d 188, Syl. ¶ 4, 592 P.2d 117 (1979).

See also *Strecker v. Wilkinson,* 220 Kan. 292, 552 P.2d 979 (1976); *Clark v. Chipman,* 212 Kan. 259, 510 P.2d 1257 (1973); *McKee v. McKee,* 154 Kan. 340, 118 P.2d 544 (1941).

Defendant apparently claims that the period of approximately five years from the date of his default to the date plaintiff's motion was filed is such as to make it inequitable to grant relief. However, defendant does not claim that plaintiff's judgment is dormant and, in fact, it is undisputed that plaintiff caused execution to be issued and her judgment to be revived in order to eliminate any question of its being dormant. The doctrine of laches does not apply.

Affirmed.