(740 P.2d 92)

No. 59,491

ANN P. LAMBRIGHT, *Appellee,* v. ROBERT L. LAMBRIGHT, *Appellant.*

Opinion filed May 7, 1987.

*Dennis P. Colombo,* of Kansas City, Missouri, and *R. Wayne Lampson,* of Lugar, Harris and Lampson, of Kansas City, Kansas, for the appellant.

*Gregory M. Dennis* and *Carolee Sauder Leek,* of Perry & Hamill, of Overland Park, for the appellee.

Before ABBOTT, C.J., REES and BRISCOE, JJ.

*Per Curiam:* Robert Lambright appeals the trial court's denial of his motion to terminate alimony payments to Ann Lambright.

The facts are known to the parties, and need not be repeated except as necessary in discussing the issues.

At the time of the divorce, K.S.A. 60-1610(d) (Weeks) empowered the trial court with authority to award alimony for any period of time it found to be fair, just, and equitable under the circumstances. The legislature amended 60-1610 in 1982. Under the 1982 amendment, the trial court could not award alimony for more than 121 months. Mr. Lambright argues that the legislature intended this amendment to be applied retrospectively to those divorce decrees entered prior to January 1, 1983, the effective date of the amended statute.

The general law regarding retrospective application of an amendment to an existing statute is well-established in Kansas. In *Davis v. Hughes,* 229 Kan. 91, 101, 622 P.2d 641 (1981), the Kansas Supreme Court noted:

" 'The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended

that it operate retrospectively. This rule is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties.'

" 'The general rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties.'

" 'While generally statutes will not be construed to give them retrospective application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a savings clause as to existing litigation.' "

See *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 324-25, 709 P.2d 983 (1985).

The language of the 1982 amendment does not indicate that the legislature intended it to operate retrospectively; therefore, it operates only prospectively. The change of law affected the substantive rights of the parties. Before the change of law occurred, an alimony recipient could be awarded an amount of money for life or until remarriage, if the trial court found that to be the fair, just, and equitable thing to do under the circumstances. In considering abuse of discretion issues, both alimony and property division were considered. Thus, a trial judge might have ordered a different property division if a 10-year limit had been applicable to alimony. After 1982, a recipient spouse could only expect to be awarded a maximum maintenance of ten years and one month, regardless of the circumstances. However, under the amendment, the recipient spouse could move the trial court to reinstate maintenance upon the expiration of the 121 months.

Mr. Lambright's main argument is that the 1982 amendment was remedial in nature, and as such it should be construed liberally. He also argues that future payments of maintenance are not vested rights and do not prevent the retrospective application of the amendment. While these two statements are true, they do not address the question of whether the legislature intended the 1982 amendment to operate retrospectively.

In our view, the legislature did not intend the amendment to operate retrospectively, and since the change of law affected substantive and not procedural rights, the trial court did not err

in holding that the 1982 amendment could not be applied retrospectively to extinguish Mr. Lambright's duty to pay alimony after the expiration of 121 months.

Under K.S.A. 1986 Supp. 60-1610(b)(2), the trial court has the discretion to modify the amount of maintenance originally awarded that has not already become due. In the present case, the trial court heard the arguments of counsel on this point, and had before it the parties' financial statements under Supreme Court Rule 139, 235 Kan. cvii. The trial court overruled Mr. Lambright's motion to terminate alimony due to changed circumstances.

" 'Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion.' " *Reich v. Reich*, 235 Kan. 339, 343, 680 P.2d 545 (1984).

Mr. Lambright argues that the trial court's decision not to terminate the award of alimony is unreasonable, given the expectations of the legislature and the public that maintenance is rehabilitative in nature. The trial court noted that the original alimony awarded was declining in nature, which indicated the original trial court recognized Mrs. Lambright would have to modify her lifestyle and acquire some job skills, but also noted the award was permanent in nature.

An appellate court's review of a modification of an original alimony judgment is limited to "a determination of whether there is substantial competent evidence to support the holding of the trial court." *Jarvis v. Jarvis*, 218 Kan. 679, 684, 544 P.2d 1384 (1976). Substantial competent evidence is "evidence possessing something of substance and relevant consequence and which furnishes substantial basis of fact from which issues can reasonably be resolved." *Bell v. Tilton*, 234 Kan. 461, 469, 674 P.2d 468 (1983).

At the time of the divorce, Mr. Lambright was earning $37,800. Mrs. Lambright was wholly dependent on Mr. Lambright for her maintenance and support. Mrs. Lambright was awarded the cash proceeds from the sale of the home in the amount of $14,286.53. Mr. Lambright was awarded the policies of insurance, a certifi-

cate of deposit in the sum of $3,348.83, a $100 refund check, and $3,000 earnest money on realty. The personal property of the parties was set over to each of them, and Mr. Lambright was ordered to pay alimony.

Mrs. Lambright's Rule 139 pleading shows she is employed by the public school system of Tupelo, Mississippi, and earns $1,032.87 per month in take-home pay and $525 in other income. She estimated her total monthly living expense to be $1,938 per month. On the other hand, Mr. Lambright's income has increased to $65,000 per year. He receives this salary as a lieutenant colonel in the United States Army.

There is substantial competent evidence to support the trial court's finding that there has not been a change in circumstances which would warrant any modification of the prior order. Both parties' financial circumstances have improved since the time of the divorce. However, Mr. Lambright's financial circumstances have improved the most, and there is no clear-cut decreased need for the $400 per month alimony by Mrs. Lambright. The trial court did not abuse its discretion in overruling Mr. Lambright's motion to terminate alimony due to changed circumstances.

Both parties request attorney fees and costs. Mrs. Lambright does so solely on the basis that Mr. Lambright's requests are frivolous and for the purpose of harassment. Mr. Lambright's request is based on the premise Mrs. Lambright's request for attorney fees and costs is frivolous and filed for the purpose of harassment. We are unable to say any of the pleadings are frivolous or filed for the purpose of harassment. Thus, the requests for attorney fees and costs are denied.

Affirmed.