(891 P.2d 462)
No. 71,443

In the Matter of the Marriage of José R. Vargas, *Appellee*, and Carol Lorraine Vargas, a/k/a Carol Lorraine Shumate, *Appellant*.

Opinion filed November 10, 1994.

*Max M. Hinkle*, of Guilfoyle, Hinkle, Guilfoyle & James, of Abilene, for appellant.

*Arvid V. Jacobson*, of Jacobson & Jacobson, of Junction City, for appellee.

Before GERNON, P.J., LEWIS, J., and JACK L. BURR, District Judge, assigned.

GERNON, J.: Carol Lorraine Vargas appeals from a district court decision in a divorce action. The district court granted José R. Vargas a divorce, divided the marital assets, and decided that maintenance awarded to Carol in a separate maintenance decree issued the year before in a different county was no longer justified under the present circumstances.

Carol argues: (1) that the district court had no jurisdiction to modify the property division and maintenance award made by a different county in the prior action; (2) that the district court was barred from modifying the previous property division and maintenance award by operation of the doctrine of collateral estoppel; and (3) that an award of maintenance may not be modified except upon a finding of changed circumstances.

José and Carol were married on December 5, 1985. On September 9, 1992, Carol was awarded a default decree of separate maintenance against her husband by the district court in Dickinson County, Kansas. José had been personally served and received notice of the action, but he did not file an answer or otherwise appear in the case. The district court, however, concluded that it had jurisdiction over both the petitioner and the respondent as well as the subject matter of the action. Upon reviewing the evidence Carol presented, the district court found that the parties were incompatible and that a decree of separate maintenance should be granted to Carol. The court ordered José to pay Carol $500 per month for support and maintenance for a total of 72 months. The court also awarded Carol the parties' residence, subject to any indebtedness, and proceeded to divide the remainder of the marital assets. Neither party appealed from this decision.

On August 30, 1993, José filed for divorce in Geary County, Kansas. José attached a certified copy of the separate maintenance decree to the divorce petition. Carol was properly served but did not file an answer or any other responsive pleading. At a hearing

on November 18, 1993, both parties were present, with Carol appearing pro se. After concluding that it had jurisdiction over both parties, the court granted José a divorce on grounds of incompatibility. The court then recognized the prior separate maintenance decree from Dickinson County and found that the parties did not wish to make any changes in that order as it related to the property and debt division. The only change made to the property division was for José to have an equitable lien on the parties' residence; José's name was to remain on the title to the property until the mortgage was paid in full, the loan was refinanced, or the property was sold. The district court, on its own motion, then continued the hearing to a later date to further address the remaining issue of maintenance.

This subsequent hearing was held on November 30, 1993. After listening to the testimony presented and reviewing the court file, which included José's domestic relations affidavit as well as a list of Carol's expenses and her correspondence with the court, the judge found as follows:

"2. On the issue of maintenance, the Court finds that the parties' earning capacities and salaries are basically the same and that although the petitioner makes slightly more than the respondent that weighing the division of property and all the balancing statutory factors, this Court finds it difficult to find any validity for the continuation of maintenance. Although arguments have been advanced by the respondent for maintenance, such are not supported by any substantial evidence, and because of the foregoing factors the Court will order all maintenance to cease after the $500.00 in maintenance is paid for December, 1993 and $500.00 for January 1994, both remaining payments to be made through the Clerk of the Court of Dickinson County for further payment to the respondent at such address as she shall provide. The Court recognizes that while there is no particularly good reason to continue such maintenance even for two months, that such time will allow a last adjustment period to occur."

Carol subsequently filed a motion to vacate the divorce judgment, claiming that it purported to modify the division of property and the award of maintenance made by the Dickinson County District Court in the prior separate maintenance action. Carol, now represented by counsel, argued that the Geary County District Court had no jurisdiction to modify either the division of property or the award of maintenance and that even if the court

did have jurisdiction, there was no showing that the relative financial circumstances of the parties had changed between the date the decree of separate maintenance was entered by the Dickinson County District Court and the time of the trial in the present case. Carol also argued that José was estopped from litigating issues of property division and maintenance in the divorce action pursuant to the doctrine of collateral estoppel. Finally, Carol stated that at no time during the divorce trial did she intend to agree or consent to a modification of the division of property of the parties made by the Dickinson County District Court, and, if she made statements which indicated that she did so agree, those statements were the product of her mistaken understanding of what was being considered by the court.

Carol's motion to vacate was heard by the court on January 18, 1994. In denying the motion, the district court stated as follows:

"(1) [S]eparate maintenance and divorce are separate causes of action; (2) the four conditions of res judicata are not met in this case; (3) estoppel and res judicata are affirmative defenses and must be affirmatively pled and therefore, if not, are deemed waived; (4) since the instant divorce was a separate cause of action from the separate maintenance previously filed in Dickinson County, the parties did not need to show a change in circumstances to modify alimony; (5) the respondent was apparently in agreement on numerous items and was well aware of what the Court was considering based upon her previous correspondence and her statements in court. The Court does not believe the respondent was mistaken or surprised at trial."

Carol appeals.

## JURISDICTION

Carol argues that a division of marital property made by one Kansas district court in a separate maintenance action may not be modified by another district court under any circumstances and that an award of maintenance made in conjunction with a division of the marital property may only be modified by the district court which originally issued the award.

Carol relies upon *Childers v. Childers*, 210 Kan. 105, 499 P.2d 1062 (1972). In 1967, Roberta Childers filed for divorce, division of property, and custody of the parties' children. She later amended her petition to ask for separate maintenance. Separate

maintenance was granted, the property was divided, and custody of the children was given to Roberta. No alimony was asked for or awarded. In 1970, Roberta filed for divorce and asked for alimony. Her husband argued that the alimony issue was res judicata as she could have obtained alimony in 1967 but did not. The trial court granted the divorce and awarded Roberta alimony. Her husband appealed.

Carol argues that *Childers* suggests that had maintenance been properly determined in the separate maintenance action, this issue could not have been brought before the trial court in the subsequent divorce action. However, *Childers* can also be read to mean that any award of maintenance or lack thereof in a separate maintenance proceeding is not binding upon a subsequent court in an action for divorce.

"An action for alimony or separate maintenance is an entirely different cause of action than one for divorce." *Saint v. Saint*, 196 Kan. 330, 333, 411 P.2d 683 (1966). "A divorce, if granted, completely dissolves the marriage relation; whereas a decree of separate maintenance permits the continuation of the relation in a legal sense." *Zeller v. Zeller*, 195 Kan. 452, 457, 407 P.2d 478 (1965). Once a divorce is granted, there is nothing upon which a decree of separate maintenance can operate. *Saint*, 196 Kan. at 333.

While the precise question at issue has never been explicitly addressed by Kansas appellate courts, at least one authority seems to indicate that, if one party has obtained a separate maintenance decree, nothing precludes that spouse or the other spouse from subsequently suing for divorce. Also, if maintenance is awarded pursuant to a decree in a separate maintenance action, it settles the issue for the separate maintenance only. Should one of the parties subsequently seek a divorce, the court may examine the respective incomes of the parties to determine if maintenance is appropriate once a divorce is obtained. 1 Elrod, Kansas Family Law Handbook § 9.092 B (1990 rev. ed.).

Our conclusion is that despite the presence of the prior decree of separate maintenance from another jurisdiction, José was not precluded from bringing an action for divorce in Geary County.

The Geary County District Court, pursuant to K.S.A. 1993 Supp. 60-1610(b), had full jurisdiction over the parties and subject matter and could properly examine the issue of whether maintenance should be awarded upon termination of the marriage.

Carol contends further that there was no authority for a district court to later modify in a divorce action a final and definitive property division made in a prior separate maintenance action. Carol cites no authority for this proposition.

It is correct that where matters concerning the disposition and division of property and property rights are adjudicated and settled in a final divorce decree, the trial court is thereafter without statutory authority to change, alter, or modify the judgment with respect to the property so divided. *Flannery v. Flannery*, 203 Kan. 239, 244, 452 P.2d 846 (1969). However, there is no holding that the permanency of a division of property in a separate maintenance action or the award of maintenance or the lack of an award has the same status.

In *Linson v. Johnson, Executrix*, 223 Kan. 442, 443-44, 575 P.2d 504 (1978), the court held that in order to terminate the rights of inheritance of either of the parties to the marriage, a separate maintenance decree dividing the marital property must be specific and clearly indicate such an intent on the part of the trial court. K.S.A. 1993 Supp. 60-1610(b) does not prevent a trial court from awarding fee simple title to property in a separate maintenance proceeding as long as language is used by the courts to give effect to that intent. K.S.A. 1993 Supp. 60-1610(b) in and of itself does not vest in the parties a fee simple title to property set apart to them individually in a separate maintenance proceeding so that each party shall have the right to convey, devise, and dispose of the same without the consent of the other.

Here, the Dickinson County District Court did clearly state that it was awarding title to the property free and clear of any claims by the other spouse. However, in the subsequent divorce action, the trial court did not change how the Dickinson County District Court had previously divided the property. The court merely allowed José to keep his name on the title to the parties' house

until the mortgage was fully paid or refinanced or until the house was sold. This was done with the full agreement of both parties.

We reject Carol's contention that, because the separate maintenance action was originally heard in Dickinson County, that court should retain exclusive jurisdiction over the subject matter and the parties. Carol cites *Nixon v. Nixon*, 226 Kan. 218, 596 P.2d 1238 (1979); *Wheeler v. Wheeler*, 196 Kan. 697, 414 P.2d 1 (1966), and *Schaeffer v. Schaeffer*, 175 Kan. 629, 266 P.2d 282 (1954), as support for her position. These cases are not on point and relate to the continuing jurisdiction a district court retains in a divorce action. Unlike separate maintenance actions, proceedings regarding child support are not separate and distinct actions from divorce.

Carol cites *Schaeffer* for the following statement: "The general rule is that when a court of competent jurisdiction acquires jurisdiction of the subject matter and of the parties, its jurisdiction continues as to all matters therein involved until the issues are finally disposed of, and no court of co-ordinate jurisdiction should interfere with its action." 175 Kan. at 633. The facts in *Schaeffer* reveal that husband and wife each filed a petition for divorce, but in two different counties. 175 Kan. at 630. One court was found to be without jurisdiction over the parties because the one-year residency requirement was not satisfied, and the Kansas Supreme Court held that, where jurisdiction was proper in the other county, the former county was without authority to entertain any petitions for relief. 175 Kan. at 633-34. Clearly, *Schaeffer* is distinguishable from the present case as it involved two concurrent actions for divorce involving the same parties.

Carol further asserts that allowing a district court to determine property and maintenance issues in a subsequent divorce action that had already once been determined in a separate maintenance proceeding would result in many marital issues being tried twice. This argument is self-defeating, given the fact that Kansas cases are virtually nonexistent in dealing with this specific issue. In addition, there are so few separate maintenance proceedings filed in the courts of Kansas that any duplication of efforts by the district court is not potentially great.

## COLLATERAL ESTOPPEL

Carol next argues that because the issues involving property division and maintenance were previously adjudicated in the separate maintenance proceeding, these issues could not be relitigated.

José contends that this doctrine is an affirmative defense which must be timely raised in a responsive pleading or it will be deemed waived. See K.S.A. 1993 Supp. 60-208(c); *Oehme v. Oehme*, 10 Kan. App. 2d 73, 77, 691 P.2d 1325 (1984), *rev. denied* 236 Kan. 876 (1985).

A pro se litigant is held to the same standard as other parties and is required to follow the same rules of procedure as a party represented by counsel. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595, 730 P.2d 1109 (1986). Since Carol failed to raise this issue in a responsive pleading or in any manner prior to the court's judgment, this matter is deemed waived.

Even if properly raised, collateral estoppel would not bar the trial court from addressing property and maintenance issues in the divorce action.

" 'The doctrine of *res judicata* is a bar to a second cause of action upon the same claim, demand or cause of action. It is founded upon the principle that the party, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. The doctrine of collateral estoppel is a bar in an action upon a different claim as to certain matters in issue which were determined in a former judgment. The distinction between *res judicata* and collateral estoppel is based on the distinction between a cause of action and issues in a cause of action.' " *State v. Parson*, 15 Kan. App. 2d 374, 377, 808 P.2d 444 (1991) (quoting *Penachio v. Walker*, 207 Kan. 54, 57, 483 P.2d 1119 [1971]).

"Under the doctrine of collateral estoppel, an issue once actually litigated and determined may not again be litigated in a subsequent action between the same parties or their privies, even though involving a different cause of action." 15 Kan. App. 2d at 377.

The Dickinson County District Court only dealt with the maintenance that was awarded in the separate maintenance proceed-

ing. Once the divorce was granted, this prior decree became meaningless, and any consideration of whether to award maintenance upon the termination of the marriage was a new, unlitigated issue.

## MODIFICATION OF JUDGMENT OF MAINTENANCE

Finally, Carol questions whether a judgment for maintenance entered in a separate maintenance proceeding by one court can be modified by another court in a later divorce action without a finding of changed circumstances.

Carol relies upon K.S.A. 1993 Supp. 60-1610(b) and *Lambright v. Lambright*, 12 Kan. App. 2d 211, 740 P.2d 92 (1987), for her assertion that maintenance can only be modified where the trial court makes a finding that circumstances present when the award was made have significantly changed.

We note that *Lambright* involved a motion to modify alimony previously awarded in a divorce case. We affirmed the trial court's decision denying the former husband's motion to terminate alimony due to changed circumstances. *Lambright* did not involve a prior separate maintenance proceeding and, therefore, is distinguishable from the case before us.

We conclude that if maintenance is awarded pursuant to an action for separate maintenance, it settles the issue for the separate maintenance only. Should one of the parties subsequently seek a divorce, the court may examine the respective incomes and assets of the parties to determine if maintenance is appropriate upon legal dissolution of the marriage. Therefore, an obligor spouse is not required to demonstrate a change of circumstances prior to raising the issue of maintenance in a subsequent divorce proceeding. Under these circumstances, there is yet to be a determination regarding permanent maintenance, and there is nothing for the court to modify. The court in the divorce action starts anew in making its determination of whether to make such an award.

Affirmed.