(933 P.2d 176)
No. 75,428

In the Matter of the Marriage of Juanita Marie Bowers, n/k/a
Juanita Marie Lacy, *Appellee,* and Terry Lee Bowers,
*Appellant.*

Opinion filed
March 7, 1997.

*Arvid V. Jacobson,* of Jacobson & Jacobson, of Junction City, for appellant.

*Bruce C. Barry,* of Waters & Barry, Chartered, of Junction City, for appellee.

Before MARQUARDT, P.J., PIERRON, J., AND ROGG, S.J.

MARQUARDT, J.: Terry Lee Bowers appeals from the district court's orders which denied his motion to terminate maintenance based on the remarriage of Juanita Marie Lacy, formerly Bowers, and denied his motion pursuant to K.S.A. 60-260(b)(6) requesting relief from the portion of the divorce decree that conflicted with the parties' property settlement agreement (PSA).

On October 19, 1990, the parties executed a PSA. The district court granted the parties a divorce on February 13, 1991.

The parties' PSA provides:

"9. MAINTENANCE AND CHILD SUPPORT: Respondent, TERRY LEE BOWERS, shall pay as maintenance and child support to the petitioner, JUANITA MARIE BOWERS, the sum of Four Hundred Dollars ($400.00) per month, which is one-half of respondent's military retirement, commencing on the 1st day of November, 1990 and continuing to be due and payable in like amount on the 1st day of each succeeding month.

"The parties understand and agree that the child support payments are included in this amount until the 1st day of June, 1991, which will be after the minor child is scheduled to graduate from high school.

"The amount of $400 will continue to be paid for petitioner's maintenance until such time as this action is amended or until further modified by this Court."

The divorce decree, which was not approved by Terry, provides:

"3. That the Property Settlement Agreement entered into by and between the parties concerning the care, custody, control and support of the minor child and other matters, is hereby ORDERED approved, confirmed and incorporated herein, made a part of this Decree by reference and shall be a judgment as though set out herein."

. . . .

"4. That the respondent, TERRY LEE BOWERS, shall pay as maintenance and child support to the petitioner, JUANITA MARIE BOWERS, the sum of Four Hundred Dollars ($400.00) per month, commencing on the 1st day of November, 1990. Child support payments in an amount equal to the requirements of the Kansas Supreme Court Child Support Guidelines are included in this amount until the 1st day of June, 1991, which will be after the minor child is scheduled to graduate from high school. Thereafter, the amount of Four Hundred Dollars ($400.00) will continue to be paid solely for petitioner's maintenance and

this amount has been agreed to by the parties based on both petitioner's needs and petitioner's entitlement to a portion of respondent's military retirement. Said maintenance shall terminate upon the death of either party or upon the expiration of the 121 month statutory limitation of K.S.A. 60-1610. Petitioner is granted the right to file the requisite motion for reinstatement of this maintenance prior to the expiration of maintenance, all as provided in K.S.A. 60-1610."

The PSA and divorce decree were prepared by Juanita's counsel, who was present at the divorce hearing. Terry was neither present nor represented at the divorce hearing.

Terry argues that the issue of post-divorce maintenance requires interpretation of a statute and raises a question of law subject to unlimited review by this court. See *In re Marriage of Quint*, 258 Kan. 666, 668, 907 P.2d 818 (1995). This argument ignores established law and principles of appellate review.

When reviewing a motion to modify maintenance, this court examines the record to determine if there is substantial competent evidence to support the ruling of the district court and whether the district court abused its discretion. *In re Marriage of Hedrick*, 21 Kan. App. 2d 964, 967-68, 911 P.2d 192 (1996); see *Jarvis v. Jarvis*, 218 Kan. 679, 683-84, 544 P.2d 1384 (1976); *Lambright v. Lambright*, 12 Kan. App. 2d 211, 213, 740 P.2d 92 (1987).

Discretion is abused if no reasonable person would take the view adopted by the trial court. See *Reich v. Reich*, 235 Kan. 339, 343, 680 P.2d 545 (1984).

In *Herzmark v. Herzmark*, 199 Kan. 48, 54, 427 P.2d 465 (1967), the court held that while remarriage does not automatically terminate the right to maintenance, proof of remarriage does make a prima facie case for the termination of maintenance, absent proof of extraordinary, strong, and compelling circumstances justifying its continuance. The burden is on the recipient to prove that there are extraordinary, strong, and compelling reasons for the continuation of maintenance. See *Wright v. Wright*, 209 Kan. 628, 630, 498 P.2d 80 (1972).

The rule that remarriage is a prima facie reason to terminate maintenance does not apply where the parties have entered into a separation agreement that sets maintenance and the district court incorporates that agreement into the divorce decree. *Rasure v.*

*Wright*, 1 Kan. App. 2d 699, 700-02, 573 P.2d 1103 (1977), *rev. denied* 225 Kan. 845 (1978). Under these circumstances, maintenance is not subject to modification by the district court except as prescribed in the agreement or as subsequently consented to by the parties. K.S.A. 1996 Supp. 60-1610(b)(3). This rule applies even where the recipient spouse remarries. *Rasure*, 1 Kan. App. 2d at 700-02. Thus, if a separation agreement that is incorporated into a divorce decree does not either provide that maintenance will terminate upon remarriage or give the district court continuing power to modify maintenance, the district court has no power to modify maintenance upon the remarriage of the recipient unless the parties consent. See *Rasure*, 1 Kan. App. 2d at 702.

Here, the PSA stated that maintenance would continue "until such time as this action is amended or until further modified by this Court." The parties agree that the maintenance is subject to modification by the district court.

Thus, the specific issue decided by the district court and which is now before this court is whether strong and compelling circumstances justify the continuation of maintenance notwithstanding Juanita's remarriage.

The district court discussed several factors in its finding that there were strong and compelling reasons for continuing maintenance. The district court found that the parties' incomes were not substantially different. More specifically, the district court found that when Terry made the $400 monthly maintenance payment to Juanita, the difference in the parties' incomes was $278—not a strong and compelling reason to continue maintenance payments.

The district court also determined that since Juanita and her new husband had purchased a new house relying on the maintenance payments, she needed the money. Incurring new indebtedness does not provide a strong and compelling reason to justify the continuation of maintenance payments from a former spouse.

The district court found that Juanita made a substantial contribution to the production of Terry's retirement income and noted that the terms of the parties' PSA stated that the amount of maintenance was one-half of Terry's retirement income. Terry spent 17 years of the parties' 19-year marriage in the military. The district

court stated that "it is incumbent upon this Court to normally give a division of that property in the determination and division of assets in a divorce of this type with similar circumstances."

Terry argues that the district court's refusal to terminate maintenance reflects an impermissible commingling of the concepts of property division and maintenance. We agree.

In support of his argument, Terry cites *Beck v. Beck*, 208 Kan. 148, 149, 490 P.2d 628 (1971), where the Kansas Supreme Court cautioned: " '*When the original decree of divorce is entered care should be exercised so that any payments to equalize the division of property are not included with payments for future support denominated as alimony.*' " The *Beck* court noted that maintenance and the division of property serve different functions. The division of property "operates retrospectively to adjust the rights of the parties to property already accumulated." Maintenance "is prospective and deals with future support." *Beck*, 208 Kan. at 149.

The trial court abused its discretion in not terminating the maintenance payments.

This case is reversed and remanded with instructions for the district court to terminate maintenance as of the date Terry filed his motion, March 7, 1995. See *Beck*, 208 Kan. at 150.

Terry argues that the district court erred in denying his motion pursuant to K.S.A. 60-260(b)(6) requesting relief from that portion of the divorce decree which conflicted with the parties' PSA.

" 'As a general rule, a ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion.' [Citation omitted.] 'The burden of showing abuse of discretion lies with the party alleging abuse.' [Citation omitted.]" *In re Marriage of Beardslee*, 22 Kan. App. 2d 787, 790, 922 P.2d 1128 (1996).

K.S.A. 60-260(b) provides that a motion filed under subsection (6) must be filed within a reasonable time. " 'The reasonable time frame is measured by determining when the movant came into possession of facts justifying the relief as compared to the time when he filed the motion seeking the relief.' " *Beardslee*, 22 Kan. App. 2d at 791 (quoting *Wilson v. Wilson*, 16 Kan. App. 2d 651, 659, 827 P.2d 788 [1992]. Any facts justifying relief should have

been apparent to Terry when the divorce decree was filed. Terry's motion was filed approximately 4 years after the divorce decree was filed. Initially, we note that absent extenuating circumstances, 4 years is not a reasonable time.

In his brief, Terry raises three points where the divorce decree conflicted with the parties' PSA. First, Terry argues that there is no recital or acknowledgement by the parties of Juanita's entitlement to a portion of his military retirement. The divorce decree provides that the $400 monthly payment had been "agreed to by the parties based on both [Juanita's] needs and [her] entitlement to a portion of [Terry's] military retirement." There is no dispute, however, that this monthly payment is being made as maintenance and is not a property division entitling Juanita to a portion of Terry's military retirement. The district court treated the payment as maintenance in deciding this case. Whatever conflict exists between the PSA and the divorce decree is not relevant to any issue before this court.

Second, Terry complains that the divorce decree provided that the maintenance would continue for the statutory period of 121 months. The PSA does not set a period for maintenance; therefore, the statutory period would govern. See K.S.A. 60-1610(b)(2). However, because of our ruling on the first issue, this issue is moot.

Third, Terry complains that the divorce decree provided that Juanita had the right to file a motion for reinstatement of the maintenance. Again, the district court merely incorporated a statutory rule that the parties had not contradicted in the PSA. See K.S.A. 60-1610(b)(2). This argument lacks merit.

Affirmed in part, reversed in part, and remanded with instructions.