(47 P.3d 425)
No. 87,557

In the Matter of the Marriage of ANDREW J. KOPAC, *Appellant*, and PATRICIA A. KOPAC, *Appellee*.

—

Opinion filed June 7, 2002.

*Charles E. Wetzler* and *David R. Frye*, of Lathrop & Gage L.C., of Overland Park, for the appellant.

*Ronald W. Nelson*, of Rose, Nelson & Booth, of Overland Park, for the appellee.

Before LEWIS, P.J., BRAZIL, S.J. and GLENN D. SCHIFFNER, District Judge, assigned.

LEWIS, J.: Andrew Kopac and Patricia Kopac were divorced in 1999. The divorce decree awarded maintenance to Patricia in the amount of $2,000 per month for the first year and $1,875 per month after the first year until July 1, 2008. Andrew filed a motion to terminate his maintenance. The trial court denied that motion and awarded attorney fees to Patricia. Andrew appeals from the decision of the trial court.

We affirm.

Andrew and Patricia had two sons. One of those sons, J.K., suffers from a rare neurological disorder that has left him wheelchair bound. Because of J.K.'s disability, Patricia has been unemployed throughout his life and remains unable to seek employment because of the need to care for their son. We note that J.K. had reached the age of majority at the time of the divorce but remains in need of constant care.

As we understand the facts, one of the primary reasons for the divorce was that Patricia had rekindled a romance with her high school sweetheart, Allan Mazur. She rekindled that romance to the extent that she advised Andrew she was going to move to Massachusetts to be near Mazur.

The trial court ordered maintenance as set forth above. The trial court's order provided that maintenance would terminate immediately upon any one of the following events: death of either party, remarriage of the wife, *cohabitation by the wife with an unrelated adult male in a marriage-like relationship*, or the date of July 1, 2008.

The basis for Andrew's motion was that maintenance should be terminated because Patricia and Mazur were cohabitating. Patricia and J.K. currently live in a house at 13 Verdun Road in Wilmington, Massachusetts. This house is owned by Mazur, and he pays the mortgage and taxes on the residence. However, Patricia pays rent for Mazur on an apartment where he resides. Patricia also pays for the utilities at the home in which she and J.K. reside.

Patricia insists she is not cohabitating with Mazur. She testified she has no joint bank accounts with him, and they have no credit cards together. Her income tax is filed as "single, head of household." She keeps a small life insurance policy with Mazur listed as beneficiary, explaining it would give Mazur enough money to bury her if she predeceases him.

Patricia went on to testify that she is not living with Mazur, is not married to him, and has no intention of getting married. She admits that Mazur has spent the night at her home between 8 and 20 times since she moved to Massachusetts. Andrew testified that he calls J.K. every Sunday and sometimes Mazur answers the phone.

The trial court, in denying Andrew's motion, noted there had been some evidence presented to support Andrew's theory of cohabitation, but ultimately the trial court held Andrew had failed to establish his burden of proof in showing cohabitation. The court reasoned that the rationale for terminating maintenance upon cohabitation is that the ex-spouse's financial support had been replaced by the lover's financial support. The court noted that Patricia and Mazur did not share bank accounts or living expenses.

The trial court noted that Patricia's attorneys had created unnecessary controversy over discovery. Nevertheless, the court awarded attorney fees to Patricia. It reduced the amount of fees requested in the light of the discovery controversy and awarded Patricia $2,000 in attorney fees.

Our standard of review in a case of this nature is to examine the record and determine if there is substantial competent evidence to support the trial court's ruling and whether the trial court has abused its discretion. *In re Marriage of Bowers,* 23 Kan. App. 2d 641, 643, 933 P.2d 176 (1997).

In order for us to set aside a negative finding of fact, the party challenging that finding must prove arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice because the negative finding signifies the failure of the party upon whom the burden of proof is cast to sustain it. *Thomason v. Stout,* 267 Kan. 234, 238, 978 P.2d 918 (1999).

In this case, the trial court clearly made a negative finding that Andrew had failed to sustain his burden of proof. Cohabitation has an unambiguous and accepted legal meaning. In order to cohabitate, two persons must live together as husband and wife and assume the marital rights, duties, and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations. *In re Marriage of Wessling,* 12 Kan. App. 2d 428, 432, 747 P.2d 187 (1987).

The evidence admitted by Andrew is insufficient to show cohabitation. The trial court did not abuse its discretion in entering the negative finding. The evidence shows that Patricia and Mazur had only spent 8 to 20 nights together in the year and a half Patricia had lived in Massachusetts. The parties occupied separate resi-

dences even though Patricia occupied a residence owned by Mazur, and she paid the rent on the apartment lived in by Mazur. The evidence does not show any sharing of household expenses or finances and in fact shows that the parties kept their finances separate. There was no holding out to the public by Patricia and Mazur that they were husband and wife, and in fact they had no plans to marry. We agree with the trial court that Andrew did not sustain his burden of proof in showing cohabitation.

Andrew objects to the award of attorney fees in Patricia's favor. The award of attorney fees is an issue left to the sound discretion of the trial court. In reviewing it, we will not reweigh the testimony and evidence presented, nor will we assess the credibility of the witnesses. We will not set aside an attorney fee award when it is supported by substantial competent evidence. We have examined the record and find that the trial court's award of attorney fees was supported by substantial competent evidence, and the trial court did not abuse its discretion in this regard. The trial court took into consideration that Patricia's attorneys had made the matter more expensive and did not award the full fee they requested. However, because of the disparity and the financial situations between Andrew and Patricia, the trial court awarded a reduced amount of $2,000 for attorney fees.

We affirm the trial court's award of attorney fees in this matter.

We also note that Patricia has filed a motion for the assessment of appellate costs and attorney fees, and we deny that request.

In summary, we hold as follows:

(1) The trial court did not abuse its discretion in denying Andrew's motion to terminate maintenance, and that decision is affirmed.

(2) The trial court did not abuse its discretion in its award of attorney fees to Patricia at the trial court level, and that award is affirmed.

(3) Patricia's motion seeking appellate costs and attorney fees is denied.

Affirmed.