NOT DESIGNATED FOR PUBLICATION

No. 120,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

BRADLEY CLIFFORD WELLS,
*Appellant*,

and

TRACI LYN WELLS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Chase District Court; W. LEE FOWLER, judge. Opinion filed December 6, 2019. Affirmed.

*Paul E. Dean*, of Putnam & Dean LLC, of Emporia, for appellant.

*Michael C. Helbert*, of Helbert & Allemang, of Emporia, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: There are times that our ruling on an appeal is determined by our standard of review. This is one of those times. Bradley Wells appeals the district court's denial of his motion to terminate court ordered maintenance payments to his former wife, Traci Wells. He claims she is cohabiting and thus she breached the one of the three conditions of his maintenance order: "death, marriage, or cohabitation." The court held he had failed to meet his burden of proof. Given our standard of review of this negative

1

finding by the district court, we must affirm, even though this panel would rule that Traci is cohabiting.

In his motion, Bradley asked the court to cancel the order in his divorce decree to pay Traci $300 per month maintenance. The maintenance order said the payment would terminate "upon death, remarriage or cohabitation." Bradley claimed that she was cohabiting with a man and the maintenance payments should end.

The court took evidence on the matter and we have received a scant record.

At the hearing on this motion, Traci testified that she and her daughter were living with a man named Chris Larkin and his daughter. She admitted that she and Larkin are in an intimate sexual relationship. She explained that Larkin is paying the rent and the living expenses for himself and his daughter. Traci is paying for the utilities and her own expenses as well as those of her daughter. Traci is paying for her car expenses. Traci and Larkin, other than dividing rent and utilities, did not share living expenses or those of their children. They do not own property together. They have no joint bank accounts. They do not share vehicles.

The court held that Bradley failed to prove that this was cohabitation and denied his motion to set aside the maintenance order. The court ruled that he had failed to meet his burden of proof.

This is a negative finding by the district court. Our standard of review requires Bradley to show us that the district court arbitrarily disregarded undisputed evidence or based its decision on some extrinsic consideration such as bias, passion, or prejudice. We cannot reweigh the evidence. See *In re Marriage of Kuzanek*, 279 Kan. 156, 160, 105 P.3d 1253 (2005).

To us, Wells does not claim bias, passion, or prejudice of the district court. And he has not shown us that the district court disregarded any evidence. He simply contends cohabitation only requires living together in an intimate relationship along with some sharing of expenses and he had proved that much.

For her part, Traci argues that the court was correct and claims this is a frivolous appeal. She asks us to award her attorney fees. Since the parties did not agree in a settlement agreement what they meant by the term cohabitation, as some people have, we must turn to prior cases for a working definition of the term.

Kansas courts have defined cohabitation as: "living together as husband and wife and mutual assumption of those marital rights, duties, and obligations that are usually manifested by a married people, including but not necessarily dependent on sexual relations." *Kuzanek*, 279 Kan. 156, Syl. ¶ 1. Cohabitation does not require a full sharing of bed, board, household duties, and tasks. The circumstances of the relationship and the realities of modern married life may be considered. *In re Marriage of Wessling*, 12 Kan. App. 2d 428, 432, 747 P.2d 187 (1987). We take this to mean that a court must determine from the facts whether a couple is cohabitating. To help our understanding, we will review the prior cases that have ruled there was cohabitation and those that have ruled there was not cohabitation.

In the cases finding no cohabitation, the couples generally did not reside together in a traditional sense. In *Kuzanek*, 279 Kan.at 157-58, the boyfriend leased the ex-wife's basement, which had a private entrance. He had only once slept in the ex-wife's room. The couple did not share expenses, did not own property together, and did not represent themselves as husband and wife. Later, in *In re Marriage of Kopac*, 30 Kan. App. 2d 735, 737-38, 47 P.3d 425 (2002), the couple occupied separate residences, did not share household expenses or finances, and did not hold themselves out as husband and wife. And they had no plans to marry. In *Wessling*, 12 Kan. App. 2d at 432, despite spending

3

several nights together and enjoying a sexual relationship, the couple did not hold themselves out as husband and wife. They did not share living expenses, did not jointly own property, and maintained separate residences. Most recently, in *In re Marriage of Creagh and Hoff*, No. 119,705, 2019 WL 3978561, at *4 (Kan. App. 2019) (unpublished opinion), the court held there was no cohabitation despite the couple's engagement and financial entanglement. The couple did not reside together and were not in a sexual relationship.

We turn now to the cases finding cohabitation. In those cases, the couples divided their financial burdens or otherwise had their financial and personal lives "deeply intertwined." In *In re Marriage of Knoll*, 52 Kan. App. 2d 930, 933, 935-36, 381 P.3d 490 (2016), even though the wife lived part-time at her mother's house because of medical issues, the couple otherwise resided together. They were in a romantic relationship and had divided financial burdens and household chores evenly. They had no joint bank accounts. Before that, in *In re Marriage of Solar*, No. 102,631, 2010 WL 4156761, at *1-3 (Kan. App. 2010) (unpublished opinion), even though the couple did not hold themselves out as husband and wife, they regularly spent nights together. Their sexual relationship was exclusive to each other. They coowned a house which they used as a rental property. They kept a joint bank account as a deposit for the rent checks. The couple started a daycare business together, bought a dog together, shared a vehicle, and attended family and social activities together.

Here, the question boils down to whether the district court arbitrarily disregarded undisputed evidence. Bradley contends the court ignored the financial gain, security, and stability Traci receives by living with Larkin. But the only financial gain to Traci was the savings on rent. A $375 savings appears to be significant here. Otherwise, she has the same expenses as before. And the district court did weigh that fact in its analysis. But financial considerations are only part of the analysis to determine whether a couple has

4

assumed those marital rights, duties, and obligations that married people usually manifest. See *Kuzanek*, 279 Kan. 156, Syl. ¶ 1.

The district court did not arbitrarily disregard undisputed evidence. There just was not much evidence offered. We can see how the district court ruled that Bradley did not meet his burden. We are prohibited from reweighing the evidence. Even though this panel would rule otherwise on this evidence, given our standard of review, we will not reverse.

Traci asks us to award her attorney fees for this appeal. She claims it is frivolous. This appeal is not frivolous because several facts support Bradley's claim that Traci was cohabitating with Larkin. This is a close call. But the district court weighed the evidence in Traci's favor and this court's review is limited by the standard of review. An appeal is not frivolous just because it does not succeed. See *In re Marriage of Bos*, No. 109,850, 2014 WL 1796155, at *5 (Kan. App. 2014) (unpublished opinion).

Affirmed.