(17 P.3d 943)

No. 85,457

DEBORAH A. SAROFF, f/k/a DEBORAH A. HAUN, *Appellant,* v. RUDY T. HAUN, *Appellee.*

Opinion filed January 5, 2001.

*David P. Troup*, of Weary, Davis, Henry, Struebing, Troup, Kaus & Ryan, L.C., of Junction City, for appellant.

*Anne Burke Miller*, of Seaton, Miller, Bell & Seaton, L.L.P. of Manhattan, for appellee.

Before BEIER, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

MALONE, J.: Deborah Saroff, f/k/a Deborah Haun, appeals the district court's ruling allowing her ex-husband, Rudy Haun, to terminate his maintenance obligation on the date of Saroff's remarriage and to prorate that month's payment accordingly. The issue is whether a maintenance obligation, which is due on the first day of the month, can or should be prorated to the date that a remarriage occurs during the month. This is an issue of first impression in Kansas.

The facts are undisputed. The Hauns were divorced on November 1, 1994. They entered into a settlement agreement that was approved by the court and incorporated by reference into the decree of divorce. Under paragraph 11 of the settlement agreement, maintenance payments were due from Haun on the first day of each month, but were terminable upon the death or remarriage of Saroff. The maintenance payment was $3,350 per month when the remarriage occurred.

Rudy Haun paid maintenance in full through March 2000. On March 17, 2000, Haun's attorney sent to Saroff's attorney a check in the amount of $782, representing the next month's maintenance, prorated to April 8, the anticipated date of Saroff's remarriage. Saroff remarried on April 8, 2000. On April 11, 2000, Haun's attorney wrote to Saroff's attorney requesting approval of a consent order terminating maintenance.

On April 18, 2000, Saroff caused an order of garnishment to be issued against Haun's bank account to collect the unpaid April maintenance. Haun filed an answer controverting the garnishment and a motion to set aside the garnishment, to which Saroff replied. On June 1, 2000, the district court issued a memorandum decision finding Haun's obligation to pay maintenance automatically ended on April 8, 2000, and thus the maintenance for April was prorated as asserted by Haun and the garnishment was set aside. Saroff filed a timely notice of appeal.

This case involves construction of a written instrument and statutory interpretation. These are questions of law over which an ap-

pellate court exercises unlimited review. *Elliott v. Farm Bureau Ins. Co., Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885 (1999).

Haun asserts that the settlement agreement specifically prescribes for maintenance to terminate upon remarriage. Thus, Haun argues, Saroff consented by conduct to the termination of maintenance by virtue of her remarriage and any amounts which accrued after the date of remarriage became void and not subject to execution.

Saroff contends that she is entitled to the full amount of maintenance for the month of April. In support, she states that maintenance becomes a judgment when due and cannot be retroactively modified under K.S.A. 1999 Supp. 60-1610(b)(3). Saroff then argues that since the maintenance was due and payable on the first day of the month, the court erred when it modified that judgment based on her subsequent marriage.

Both arguments have merit.

Although there is no case law directly on point, both Haun and the trial court rely on *In re Marriage of Quint*, 258 Kan. 666, 907 P.2d 818 (1995), and *Dodd v. Dodd*, 210 Kan. 50, 499 P.2d 518 (1972). In *Quint*, the court found that maintenance payments automatically cease upon the payee's remarriage when the judgment awarding maintenance so provides. 258 Kan. at 677. However, in *Quint*, the former wife remarried on the last day of the month, so obviously there was no issue relating to a partial payment.

In *Dodd*, the court granted the husband a judgment against the former wife in order to collect in restitution all of the maintenance payments made by the husband after the former wife's remarriage, of which he was initially unaware. 210 Kan. at 56. In that case, the settlement agreement provided payments were due on or about the first of each month and the wife's remarriage was on the 13th day of the month. The court's opinion in *Dodd* is instructive and relevant in terms of what it did not award to the husband. Although not specifically addressed in the opinion, the court did not award the husband a prorated amount for the portion of the month in which his former wife remarried.

Saroff is correct that under K.S.A. 1999 Supp. 60-1610(b)(3), matters which are settled by a separation agreement and incor-

porated in a divorce decree, other than custody, support, or education of the minor children, are not subject to subsequent modification by the court except as prescribed by the agreement or as subsequently consented to by the parties. When maintenance payments become due and are unpaid, they become determinable as to the amount and are final judgments. *Kendall v. Kendall*, 218 Kan. 713, 717, 545 P.2d 346 (1976). Here, the separation agreement is silent on whether a maintenance payment, due on the first day of the month, can be prorated as to the date of Saroff's remarriage when Saroff never consented to the modification.

Furthermore, K.S.A. 1999 Supp. 60-1610(b)(2) does not expressly provide for termination of maintenance upon the payee's remarriage unless such language is prescribed in the divorce decree. Here, the parties could have drafted specific language in the separation agreement which would have controlled the outcome of this dispute.

We recognize that certain equities favor the result reached by the district court in this case. However, the practical implications of the district court's decision extend well beyond the facts in this case and have the potential of creating enormous uncertainty, problems, and disagreements in other cases. There is no logical basis to limit the trial court's decision to cases of remarriage or even to cases of spousal support. Under the district court's rationale, if Haun paid the April maintenance in full on April 1 and petitioner had died on April 2, Haun would have a claim against her estate for $^{29}/_{30\text{ths}}$ of the April maintenance. Likewise, in a case where maintenance was to terminate upon the payor's death, his estate would have a claim for refund against the obligee if he died after paying the maintenance owed on the first. The same rationale would apparently apply to child support. If a child (out of school) turns 18 on June 15, under the trial court's rationale, the child support obligor would be entitled to a refund of one-half the June child support. Court trustees, who are charged with the obligation of collecting child support, would apparently have the additional burden of prorating monthly payments based upon contingencies not addressed in the divorce decree.

Also, who is to say that support payments should be prorated on a per diem basis? If Saroff's marriage ceremony occurred at 2 p.m., should the maintenance obligation be prorated to the hour of the ceremony?

In this case, the settlement agreement provides that maintenance payments were due on the first of the month, to terminate upon the death or remarriage of Saroff. On April 1, Saroff was neither deceased nor remarried. Thus, the payment was due and owing. Haun's full obligation for the month of April accrued prior to the terminating event of remarriage. There is no provision in the agreement referring to proration of payments if Saroff were to be remarried in the middle of the month. We hold, in the absence of a provision in the divorce decree or consent by the parties, a maintenance payment due on the first day of the month cannot be prorated to the date of the payee's remarriage during that month. In this case, Haun is liable for the entire April maintenance payment.

Saroff requested attorney fees in district court and has requested them on appeal. Because this was a matter of first impression, the district court denied her request. Since this dispute arose from a garnishment action, *Vanover v. Vanover*, 26 Kan. App. 2d 186, 987 P.2d 1105, *rev. denied* 268 Kan. 896 (1999), is controlling. In *Vanover*, the court ruled that K.S.A. 60-1610(b)(4) cannot be used to award attorney fees in a garnishment action. 26 Kan. App. 2d at 191. Furthermore, appellate courts may award attorney fees for services on appeal only in cases where the trial court had authority to award attorney fees. Supreme Court Rule 7.07(b) (2000 Kan. Ct. R. Annot. 52). In any event, this appeal concerns a legitimate dispute in which both parties advanced meritorious arguments. We find no basis for awarding attorney fees.

Reversed.