No. 91,024

In the Matter of the Marriage of STEVEN J. HARBUTZ, *Appellee,* and NANCY C. HARBUTZ, *Appellant.*

109 P.3d 1191

Opinion filed April 22, 2005.

*John E. Foulston,* of Foulston Conlee Schmidt & Emerson, LLP, of Wichita, argued the cause, and *John T. Conlee,* of the same firm, was with him on the briefs for appellant.

*T. Lynn Ward,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, argued the cause, and *Robert W. Coykendall,* of the same firm, was with him on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: This appeal involves modification, termination, and reinstatement of spousal maintenance in this divorce proceeding.

The parties, Nancy and Steven Harbutz, were granted a divorce on September 20, 2001, with the issue of spousal maintenance, among others, reserved for later decision. Four days later, an arbitrator's award ordering Steven to pay Nancy spousal maintenance in the amount of $450 a month until June 2007 was filed with the court. The award provided that the "spousal maintenance shall be terminable on the death of [Nancy] or upon the remarriage of [Nancy]; the spousal maintenance subject to modification in the event of a material change in circumstances pursuant to K.S.A. 60-1610."

Steven lost his job in February 2002, and he filed a motion to modify the maintenance award. When the motion was heard by

Judge David Dewey in May 2002, Steven had obtained a new job but at a substantially reduced salary. Steven's counsel therefore argued for termination of maintenance; Nancy's counsel argued for maintenance to be continued until the marital residence was sold. Judge Dewey ruled that maintenance would be "terminated" at the sale of the residence, but he also said he would reserve jurisdiction "to change this" and added: "[I]t's not a final order on spousal maintenance."

The journal entry recording the outcome of the hearing on Steven's motion to modify maintenance, which was drafted by Steven's counsel and signed by both counsel, said only that spousal maintenance would terminate at the sale of the residence. It did not record Judge Dewey's further comments at the hearing about reserving jurisdiction or the lack of finality of the order.

In October 2002, the parties' marital residence was sold, and Steven stopped making spousal maintenance payments to Nancy.

In February 2003, Steven filed a motion to terminate maintenance, asking that any order become retroactively effective November 1, 2002. This motion was never heard or ruled upon.

The following month, Nancy, who by then had also lost her job, filed a motion to reinstate maintenance. Judge Anthony J. Powell heard the motion to reinstate. At this hearing, neither side provided him with a copy of the transcript of the earlier hearing before Judge Dewey. Relying on the journal entry memorializing that hearing, Judge Powell ruled that spousal maintenance terminated permanently at the sale of the residence and that he had no jurisdiction to consider the reinstatement sought by Nancy. He wrote:

"[Judge Dewey's] order of June 26, 2002, consistent with the arbitration award and K.S.A. 60-1610(b)(2), had the effect of terminating all spousal maintenance effective November 1, 2002, because the parties' marital residence sold in October of 2002.

"Because K.S.A. 60-1610(b)(2) prohibits the reinstatement of maintenance after the expiration of the time for maintenance payments in a subsequent order, respondent's effort to reinstate maintenance is out of time as it was filed after November 1, 2002. . . . [Judge Dewey's] subsequent order . . . specifically cut off maintenance and did not retain jurisdiction. Therefore, respondent was required to seek any reinstatement of spousal maintenance prior to the sale of the

marital residence. Since that did not happen, this Court no longer has jurisdiction to consider any modification of spousal maintenance."

A panel of our Court of Appeals affirmed Judge Powell's ruling, also without benefit of a transcript of the hearing before Judge Dewey. The panel ruled the original award's express reservation of jurisdiction to modify maintenance payments "included the authority to change the termination date of payments." *In re Marriage of Harbutz*, No. 91,024, an unpublished opinion filed May 28, 2004. When Judge Dewey held that payments would be terminated at the close of the sale of the home, his decision superseded the termination date of May 2007 in the original decree. Nancy's motion was therefore required to be filed before the closing on the sale of the home.

After this court granted Nancy's petition for review, we permitted her counsel to add the transcript of the hearing before Judge Dewey to the record on appeal.

The only issue the parties present for this court's review is whether the district court had jurisdiction to consider reinstatement of maintenance after the residence was sold. "[W]hether jurisdiction exists is a question of law over which the appellate court's scope of review is unlimited." *In re Care & Treatment of Searcy*, 274 Kan. 130, 141, 49 P.3d 1 (2002). In addition, the necessity for us to interpret K.S.A. 2003 Supp. 60-1610(b)(2), which governs the issue, gives this court de novo review. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004) (statutory interpretation).

K.S.A. 2004 Supp. 60-1610(b)(2) states in relevant part:

"Maintenance. The decree may award to either party an allowance for future support denominated as maintenance, in an amount the court finds to be fair, just and equitable under all of the circumstances. The decree may make the future payments modifiable or terminable under circumstances prescribed in the decree . . . . In any event, the court may not award maintenance for a period of time in excess of 121 months. If the original court decree reserves the power of the court to hear subsequent motions for reinstatement of maintenance and such a motion is filed prior to the expiration of the stated period of time for maintenance payments, the court shall have jurisdiction to hear a motion by the recipient of the maintenance to reinstate the maintenance payments. Upon motion and hearing, the court may reinstate the payments in whole or in part for a period of time, conditioned upon any modifying or terminating circumstances prescribed

by the court, but the reinstatement shall be limited to a period of time not exceeding 121 months. The recipient may file subsequent motions for reinstatement of maintenance prior to the expiration of subsequent periods of time for maintenance payments to be made, but no single period of reinstatement ordered by the court may exceed 121 months. . . . At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due, but no modification shall be made without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree."

Before reaching the parties' arguments over whether Judge Powell had the power to reinstate maintenance, we must first address whether Judge Dewey had the power to terminate maintenance permanently, as Steven insists he had and, in fact, did. If Judge Dewey lacked power to permanently terminate maintenance, then it matters not whether we consider his exact wording from the bench or only the journal entry signed by both counsel. He could not do what he had no power to do.

To determine this question, we first note that the governing statute plainly differentiates between a decree or award preserving power to modify versus one preserving power to terminate. See K.S.A. 2003 Supp. 60-1610(b)(2) (decree may make future payments modifiable *or* terminable under circumstances prescribed in the decree).

We then reexamine the language on maintenance in the arbitrator's award before us. It reads: "[S]pousal maintenance shall be terminable on the death of [Nancy] or upon the remarriage of [Nancy]; the spousal maintenance shall be subject to modification in the event of a material change in circumstances pursuant to K.S.A. 60-1610."

The award explicitly set forth a condition under which maintenance could be *modified* during its original term, *i.e.*, "a material change in circumstances" as that phrase has been interpreted under 60-1610. But the award neither explicitly nor implicitly permitted maintenance to be *terminated permanently* within the original term unless Nancy died or remarried.

Thus, on the facts of this case, Judge Dewey lacked jurisdiction under 60-1610(b)(2) to permanently terminate spousal maintenance during the time period originally set for its payment. Any termination he attempted during that time period was subject to further modification, and Judge Powell was free to order that maintenance resume or continue upon an appropriate showing in a subsequent hearing. Because Judge Powell did not understand that he possessed this power, this case must be reversed and remanded for his reconsideration.

The district court and the Court of Appeals are reversed, and the case is remanded for further proceedings consistent with this opinion.

GERNON, J., and NUSS, J., not participating.

LARSON, S.J., and JACKSON, S.J., assigned.