(121 P.3d 467)
No. 93,680

In the Matter of the Marriage of TIM EHINGER, *Appellee,* and SANDRA EHINGER, *Appellant.*

Opinion filed October 21, 2005.

*Joseph W. Booth* and *Ronald W. Nelson*, of Nelson & Booth, of Overland Park, for appellant.

*Francis G. Martin*, of Law Offices of Francis G. Martin, of Kansas City, and *H. Reed Walker*, of Law Offices of H. Reed Walker, P.A., of Mission, for appellee.

Before GREEN, P.J., JOHNSON, J., and LARSON, S.J.

LARSON, J.: In this appeal, Sandra Ehinger contends the trial court erroneously modified her former husband, Tim Ehinger's, maintenance obligation pursuant to K.S.A. 2004 Supp. 60-1610(b)(2).

Sandra makes a jurisdiction argument and alternatively suggests that because Tim has not shown a change of circumstances, the award may not be altered.

The facts are not in dispute and will be briefly stated.

Tim and Sandra were married in 1979. Tim filed for divorce in 2003, and the decree of divorce dated July 22, 2003, specifically provided:

"15. Respondent, Sandra Ehinger, is entitled to maintenance from Petitioner, Timothy Ehinger, and Timothy Ehinger is ordered to pay the amount of $1,200.00 as and for support and maintenance of Respondent beginning on the 28th day of July, 2003 and a like sum on the first day of each month thereafter; maintenance will terminate upon the first of the following events: 1) 100 months of payment; 2) the death of either party; or, 3) remarriage of wife."

The remaining provisions of the decree are not material to this appeal.

Tim's employment with Hallmark was terminated at the end of July 2003, after he admitted falsifying expense reports. He collected unemployment from September 2003 through January 2004. He testified that during this period he sent out approximately

2,800 resumés in an attempt to find work. When he did not find employment, he exhausted his portion of his retirement account trying to start an advertising business, but, by September 2004, the business was producing "little or no income."

In September 2004, Tim filed a motion asking the trial court to reduce his maintenance obligation. The matter was presented to a hearing officer who found Tim's maintenance payments should be reduced to $170 per month effective November 1, 2004. Sandra moved for a trial de novo before the district court.

Sandra's motion opposing Tim's request argued the trial court had not reserved the right to modify maintenance and was, therefore, without jurisdiction to consider Tim's motion. She relied on K.S.A. 2004 Supp. 60-1610(b)(2) to support her argument.

A hearing was held with Sandra reiterating her argument of lack of jurisdiction and Tim contending Sandra's reading of K.S.A. 2004 Supp. 60-1610(b)(2) would upset 20 years of practice and decisions by trial courts.

The trial court thoroughly considered the arguments of the parties and concluded Sandra was not correctly interpreting K.S.A. 2004 Supp. 60-1610 and the court did have jurisdiction over Tim's request. After hearing testimony and arguments, the trial court decided to reduce Tim's obligation to $170 per month until June 1, 2005, at which time it would return to the $1,200 from the divorce decree. The decision was made with the expectation that Tim's income would increase.

Sandra has timely appealed.

Sandra's principal contention is that the trial court did not reserve jurisdiction to modify maintenance in the court-ordered award, which precludes considering or granting Tim's motion for a reduction. She places emphasis for her argument primarily on the second sentence of K.S.A. 2004 Supp. 60-1610(b)(2), which reads: "The decree may make the future payments modifiable or terminable under circumstances prescribed in the decree."

Sandra's argument suggests the remaining portions of the statute limit duration of the award, provide how and when it is modifiable, and give general administrative directions.

It is Tim's argument that a district court has the statutory authority to modify court-ordered maintenance. He points to later language in the statute which provides: "At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due," as specific justification for his requested modification.

Generally, when reviewing a motion to modify maintenance, we examine the record to determine if there is substantial competent evidence to support the ruling of the trial court and whether the trial court abused its discretion. *In re Marriage of Bowers*, 23 Kan. App. 2d 641, 643, 933 P.2d 176 (1997). However, resolution of this appeal requires us to interpret the meaning of K.S.A. 2004 Supp. 60-1610(b)(2). Interpretation of a statute is a question of law and an appellate court's review is unlimited. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

We follow the rules set forth in *G.T., Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001), which state:

"Our rules of statutory construction are well known and require us to interpret a statute to give the effect intended by the legislature, *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 719, 792 P.2d 981 (1990), construe the statute to avoid unreasonable results. *Wells v. Anderson*, 8 Kan. App. 2d 431, 433, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983), and read the statute to give effect, if possible, to the entire act and every part thereof. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997). Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984)."

K.S.A. 2004 Supp. 60-1610(b)(2) reads, in relevant part:

"The decree may award to either party an allowance for future support denominated as maintenance, in an amount the court finds to be fair, just and equitable under all of the circumstances. The decree may make the future payments modifiable or terminable under circumstances prescribed in the decree. The court may make a modification of maintenance retroactive to a date at least one month after the date that the motion to modify was filed with the court. . . . At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the

maintenance originally awarded that has not already become due, but no modi-fication shall be made without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid main-tenance beyond what was prescribed in the original decree."

The difference between "maintenance set by agreement of par-ties" and "court decreed maintenance" is explained in 2 Elrod and Buchele, Kansas Law and Practice, Kansas Family Law §§ 10.81 and 10.82, p. 51 (1999). In discussing "court decreed mainte-nance," which is our situation, it states:

"The court may retain the power to modify future maintenance payments which are court ordered. K.S.A. 60-1610(b)(2) . . . Maintenance may be reduced upon a showing of a material change in circumstances unless a court approved sepa-ration agreement prohibits modification. *Wright v. Wright*, 209 Kan. 628, 498 P.2d 80 (1972); *Grundy v. Grundy*, 4 Kan. App. 2d 302, 605 P.2d 162 (1980), *reh'g denied* 227 Kan. 927 (1980)."

It is clear that maintenance settled by a separation agreement that is incorporated into the divorce decree is not subject to sub-sequent modification by the court except as prescribed by the agreement or as subsequently consented to by the parties. See *In re Marriage of Hedrick*, 21 Kan. App. 2d 964, 967, 911 P.2d 192 (1996). It is also undisputed that we do not have a settlement agree-ment in our case and the maintenance ordered was decreed by the trial court.

In discussing the award and modification of maintenance, Blay-lock & Lamdin, Property Division and Maintenance, 1 Practi-tioner's Guide to Kansas Family Law § 4.68, p. 4-30 (Leben ed. 2004), states:

"At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due. The court may not modify without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree. Thus, maintenance may be reduced downward, but not increased upward. Past due installments may not be modified. *In re Marriage of Hunt*, 10 Kan. App. 2d 254, 697 P.2d 80 (1985); *Blair v. Blair*, 210 Kan. 156, 499 P.2d 546 (1972)."

Section 4.70, p. 4-30, states in applicable part: "By statute, the court has the power to modify its own order." Finally, § 4.71, pp.

4-30 to 31, while not applicable to our situation, sets forth the rules where maintenance is settled by agreement and states:

"Matters settled in a separation agreement, other than matters pertaining to the custody, support or education of the minor children, are not subject to subsequent modification by the court, except as prescribed by the agreement or as subsequently consented to by the parties. If a separation agreement provides for maintenance and perhaps provides only for termination by reason of death or remarriage, a change of circumstances will not allow the trial court to terminate or reduce maintenance payments. The only time a trial court can modify maintenance is when a separation agreement provides that the maintenance award is subject to modification or subject to reduction in accordance with K.S.A. 60-1610(b)(3). A court simply lacks jurisdiction to modify maintenance in a separation agreement incorporated in a decree, except as the agreement provides or the parties consent."

Against these well-settled, long-time principles, Sandra asks us to read the second sentence of K.S.A. 2004 Supp. 60-1610(b)(2) that states: "The decree may make the future payments modifiable or terminable under circumstances prescribed in the decree," as restricting the instances where court-ordered maintenance can be modified to only those situations where the court retained jurisdiction and specifically stated in its order how and under what circumstances it would later consider downward modification.

The strict interpretation of the above single sentence in the statute would render meaningless the later sentence in K.S.A. 2004 Supp. 60-1610(b)(2) that states: "At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally ordered that has not already become due."

Sandra contends the way to harmonize the two sentences in issue is to hold that in order to retain its jurisdiction over court-ordered maintenance, the court must make provisions for modification in the decree itself, and if it does so, modification is possible under the "at any time" sentence.

There are no limitations or restrictions placed on the "at any time" language in K.S.A. 2004 Supp. 60-1610(b)(2). We hold it must be broadly construed rather than narrowly restricted. This is clearly how our family law authorities here in Kansas have viewed the question, although we recognize they may not have previously

considered and precisely written on the argument which Sandra raises.

If we were to construe the provisions as Sandra suggests, it would have the effect of adding language to the "at any time" sentence so that it would read: At any time *the court ordering maintenance has previously made the order modifiable*, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due. (Emphasis shows language which would be added to the statute.)

When construing a statute, we are taught "a statute should not be so read as to add that which is not readily found therein." *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984). Unless there is some Kansas Supreme Court decision which we are bound to follow, and Sandra has pointed to none, we decline to adopt this construction to K.S.A. 2004 Supp. 60-1610(b)(2) which differs from our commentators and court decisions.

Our court said in *In re Marriage of Hedrick*, 21 Kan. App. 2d at 968, "because the district court has the statutory authority to modify maintenance, as opposed to where the parties set maintenance by agreement. (*Lambright*, 12 Kan. App. 2d at 213; K.S.A. 60-1610[b][2] and [3])." While this statement related to the substantial competent evidence standard of review, there is no question in the *Hedrick* decision but that the right of modification was believed to exist notwithstanding it not being specifically mentioned in the court's ruling.

Tim has suggested that *In the Matter of the Marriage of Willenberg*, 271 Kan. 906, 26 P.3d 684 (2001), aids his cause, but *Willenberg* was decided on the application of K.S.A. 60-259(f) and is not persuasive authority.

Much closer to our problem, Sandra's citing of *In re Marriage of Harbutz*, 279 Kan. 359, 109 P.3d 1191 (2005), does point to a recent case interpreting K.S.A. 2004 Supp. 60-1610(b)(2). But, the *Harbutz* decision was based on the difference between the power to modify and the power to terminate, as well as an arbitrator's award specifically stating the award was subject to modification.

The *Harbutz* decision is clearly fact sensitive but does state: "Thus, on the facts of this case, Judge Dewey lacked jurisdiction under 60-1610(b)(2) to permanently terminate spousal maintenance during the time period originally set for its payment." 279 Kan. at 363.

The extended period maintenance runs in many cases suggests modification of continued support is an economic issue which is subject to change and should be revisited if the facts show a material change in circumstances.

We reject Sandra's creative argument for all of the various reasons stated and hold the district court had jurisdiction to consider Tim's motion to modify.

Finally, we briefly consider Sandra's argument that Tim's September 2004 circumstances were not changed from the time of the initial decree in July 2003. She argues Tim merely used his retirement money without making more. Tim responds by saying all the parties knew he was losing his Hallmark job at the time of the divorce decree.

Our facts are comparable to *Hedrick* where the person receiving maintenance had her income increase substantially. See 21 Kan. App. 2d at 966-71. The facts in *Harbutz* showed changes in the financial circumstances of both of the parties.

Here, Tim's income dropped to approximately $400 per month from a gross monthly income of $9,009.38 at the time of the divorce. A $1,200-per-month maintenance payment does not seem reasonable. The reduction was for a 6-month period as Tim was expected to obtain more income in the near future. We find substantial competent evidence supported the trial court's decision. It was not an abuse of discretion to grant Tim's motion to modify maintenance.

Affirmed.