(157 P.3d 666)
No. 95,214

In the Matter of the Marriage of CHERYL A. EVANS, *Appellee,* and JOHN W. EVANS, *Appellant.*

Opinion filed May 18, 2007.

*Jennifer A. Wagle,* of Floodman, Wagle & West, of Wichita, for appellant.

*Bruce E. Borders,* of Independence, for appellee.

Before HILL, P.J., MARQUARDT, J., and KNUDSON, S.J.

MARQUARDT, J.: John W. Evans appeals the trial court's denial of his motion to modify spousal maintenance. We reverse and remand with directions.

Cheryl and John married in June 1979. The parties agreed that Cheryl would work until John received his college degree, then she

could cease working outside the home. The couple became foster parents and eventually adopted three children who have special needs. The daughter has cerebral palsy, epilepsy, asthma, and vision problems, and will require in-depth care for her entire life. Cheryl has always been the children's primary caregiver.

The divorce was tried to the court and a decree was filed in October 2002. The parties were granted joint custody of the children, with Cheryl designated as the primary residential parent. The trial court ordered John to pay Cheryl a lump sum maintenance award of $143,264, payable at $1,184 per month until the sum has been paid in full. The journal entry states: "The lump sum spousal maintenance is *not* subject to modification."

In February 2004, John filed a pro se motion to modify child support and spousal maintenance because he was unemployed. At the hearing on John's motion, the trial court denied modification of the maintenance because it is "not subject to modification."

In February 2005, John obtained counsel and filed motions to set aside the judgment and modify maintenance, arguing that only in cases where the parties entered into a separation agreement does the trial court not have jurisdiction to modify maintenance. He argued that since the case was tried to the court, the trial court's refusal to modify maintenance was erroneous.

It does not appear that there was a hearing on these new motions. Without elaboration, the trial court denied John's motions and again ruled that it did not have the authority to modify a lump sum award that is payable in installments. The trial court held that it would "honor the previous judge's decision" regarding a lump sum maintenance award. John timely appeals.

John notes that the initial divorce was tried to the court; therefore, he argues that the trial court had statutory authority to modify the maintenance award.

When reviewing a motion to modify maintenance, this court examines the record to determine if there is substantial competent evidence to support the ruling of the trial court and whether the trial court abused its discretion. Discretion is abused if no reasonable person would take the view adopted by the trial court. *In re*

*Marriage of Bowers*, 23 Kan. App. 2d 641, 643, 933 P.2d 176 (1997).

This court has plenary review when interpreting a statute. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006). K.S.A. 2006 Supp. 60-1610(b)(2) states, *inter alia*:

"The decree may award to either party an allowance for future support denominated as maintenance, in an amount the court finds to be fair, just and equitable under all of the circumstances. The decree may make the future payments modifiable or terminable under circumstances prescribed in the decree. . . . Maintenance may be in a lump sum, in periodic payments, on a percentage of earnings or on any other basis. At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due, but no modification shall be made without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree."

When K.S.A. 2006 Supp. 60-1610(b)(2) states that the trial court "may make a modification," it means exactly what it says. A trial court retains the power to modify court-ordered maintenance at any time, even if the right to modify is not specifically stated in its order establishing maintenance. *In re Marriage of Ehinger*, 34 Kan. App. 2d 583, Syl. ¶ 8, 121 P.3d 467 (2005). Pursuant to K.S.A. 2006 Supp. 60-1610(b)(2), the trial court may modify maintenance retroactive to a date at least 1 month after the date that the motion to modify was filed.

Under K.S.A. 2006 Supp. 60-1610(b)(2) and (3), the trial court may modify maintenance payments which have been ordered by the trial court where there has been no separation agreement between the parties. In the instant case, Cheryl and John did not have a separation agreement, and the trial court's attempt to make the maintenance payment nonmodifiable was contrary to statute and case law. The question then is whether the fact that the payment was ordered as a lump sum makes any difference. K.S.A. 2006 Supp. 60-1610(b)(2) clearly allows maintenance to be awarded in a lump sum.

When a maintenance payment becomes due and unpaid, it is a final judgment. *Saroff v. Haun*, 28 Kan. App. 2d 471, 474, 17 P.3d

943 (2001). We are unable to find any case law which directly addresses the issue of a trial court ordering a lump sum maintenance award and then ordering it to be paid monthly. In *Ehinger*, this court held that the "at any time" language used in K.S.A. 2006 Supp. 60-1610(b)(2) must be broadly construed. 34 Kan. App. 2d at 588. We do not believe there is a meaningful distinction between court-ordered monthly maintenance payments and a lump sum maintenance award payable in monthly installments. The trial court erred when it made the maintenance award nonmodifiable, as that order is contrary to K.S.A. 2006 Supp. 60-1610(b)(2).

Under K. S. A. 60-1610(b), the trial court exceeded its authority when it ordered that maintenance originally ordered after a trial to the court could never be modified. This case is remanded to a trial judge who has not previously handled this case to determine if maintenance is merited and, if so, what amount should be ordered.

Reversed and remanded with directions.