No. 112,786

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:

VEARL E. CRAWFORD,
*Appellee*,

and

EUGENIA L. CRAWFORD,
*Appellant*.

SYLLABUS BY THE COURT

1.

Maintenance settled by a separation agreement which is later incorporated into a divorce decree is not subject to modification by the court except as provided for by the agreement or as subsequently agreed to by the parties.

2.

When a court has ordered maintenance, it retains the power to modify future maintenance payments that have not already become due, irrespective of whether the original divorce decree specifically states such retention of jurisdiction.

3.

The court may not modify maintenance without the consent of the party liable for the maintenance if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree.

4.

If the original divorce decree reserves the power of the court to hear subsequent motions for reinstatement of maintenance and such a motion is filed prior to the expiration of the stated period of time for maintenance payments, the court shall have jurisdiction to hear a motion by the recipient of the maintenance to reinstate the maintenance payments.

5.

Reinstatement also means the extension of maintenance beyond the original term provided in the original divorce decree.

6.

A district court's retention of the power to modify maintenance in a divorce decree does not amount to the retention of the power to reinstate or extend maintenance beyond the term originally provided.

Appeal from Leavenworth District Court; DAN K. WILEY, judge. Opinion filed June 12, 2015. Affirmed.

*Gary A. Nelson*, of Gary A. Nelson, P.A., of Leavenworth, for appellant.

*Amy C. Coppola*, of Crow & Associates, of Leavenworth, for appellee.

Before PIERRON, P.J., BUSER and POWELL, JJ.

POWELL, J.:  Eugenia L. Crawford appeals the district court's denial of her motion to reinstate and extend maintenance, arguing the court had jurisdiction to modify maintenance under the terms of the divorce decree and should have considered the merits of her motion. We disagree and affirm.

2

Eugenia and Vearl E. Crawford were married in October 1996. In October 2009, as part of the parties' separate maintenance action, they executed a stipulation and property settlement agreement which obligated Vearl to pay Eugenia "$1025 per month commencing in the month that either party leaves the marital residence, with a like amount to follow each month thereafter [on] the 1st day of the month until further Order of the Court. . . . Duration of the maintenance shall be 55 months."

Vearl subsequently filed for divorce, and the matter proceeded to trial on November 19, 2010, with witnesses and testimony. According to the journal entry and decree of divorce filed on February 11, 2011, the district court found, *inter alia*, the following:

"5.     The parties were separated by Separate Maintenance Action and the parties signed and entered into a settlement agreement on October 8, 2009. The parties indicated by their signatures that the Settlement Agreement entered into by both parties was fair, just and equitable and the agreement set forth obligations and maintenance.

"6.     The parties followed this Settlement Agreement until April of 2010, wherein the parties orally modified this agreement indicating that [Vearl] would pay al [*sic*] of [Eugenia's] bills in lieu of any maintenance payments provided for in paragraph 3 of the Settlement Agreement.

"7.     As there was no provisions [*sic*] in the Settlement Agreement prohibiting an oral modification of said agreement, that is now the agreement of the parties.

"8.     [Vearl] has alleged more than half of his income is going to [Eugenia] and that is not fair, just or equitable.

        . . . .

"11.     K.S.A. 60-1610(b)(2) allows for the Court to determine if maintenance payments are appropriate given a demonstrated need by [Eugenia]. The Court finds $1025 a month an appropriate award of maintenance to [Eugenia]. . . .

"12.    The Court will adopt the written Settlement Agreement regarding the maintenance and debt of the parties to be paid by [Vearl] as valid, just and equitable and incorporates it herein by reference as though more fully set forth herein.

"13.    The Court further finds that for a period of up to two years, as per the Settlement Agreement, [Eugenia] will take the entire amount of the maintenance payments, the mortgage and the car debt as maintenance payments to [Eugenia] as taxable income, paid by [Vearl] as income reduction for tax purposes.

"14.    The Court finds that the maintenance outlined in this Decree of Divorce is valid, just and equitable and further reserves jurisdiction concerning said maintenance and the real estate of the parties for modification if necessary.

"15.    The maintenance duration shall remain the same as outlined in the Settlement Agreement, which shall be effective January 1, 2011. [Vearl] will be given credit for nine (9) months of maintenance payments made through the months of April through December."

The parties agree the 55-month maintenance period referred to in the settlement agreement expired in October 2014.

In June 2014, Eugenia filed her motion to reinstate and extend maintenance. A hearing on the motion was held in August 2014; after hearing arguments the district court held the settlement agreement did not have a provision regarding retaining or reserving jurisdiction. The district court found that the divorce decree did state jurisdiction was reserved "'concerning said maintenance . . . for modification if necessary.'" However, the district court held:

"Modification and reinstatement are not similar things. In this particular case, modification in the context of Kansas law means that the Court has the authority to reduce the maintenance and the amount—from the amount of $1,025 downward but the Court is without jurisdiction to increase the maintenance upwards or to lengthen the period of time."

4

The district court's journal entry stated: "The Court did reserve jurisdiction for the modification of maintenance as provided in paragraph 14 of the Decree of Divorce but there was no reservation of jurisdiction to reinstate or extend maintenance."

Eugenia timely appeals.

## DID THE DISTRICT COURT ERR IN RULING IT DID NOT HAVE JURISDICTION TO CONSIDER EUGENIA'S REINSTATEMENT AND EXTENSION MOTION?

On appeal, Eugenia argues the district court erred in concluding it did not have jurisdiction to reinstate and extend maintenance. She asserts two main points in support of this argument: (1) Because Vearl objected to the settlement agreement's maintenance provisions at the divorce hearing, the maintenance ordered by the district court was not pursuant to the agreement of the parties, making it court ordered and therefore subject to modification; and (2) even if the ordered maintenance was pursuant to the agreement of the parties, the parties agreed to the district court's modification of the agreement by not appealing the language in the decree of divorce reserving the district court's jurisdiction to modify the maintenance pursuant to K.S.A. 2013 Supp. 23-2904.

Vearl counters that even if the district court retained jurisdiction to modify maintenance, it did not retain jurisdiction to reinstate or extend maintenance past October 2014. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743-44, 295 P.3d 542 (2013).

It is well established that maintenance settled by a separation agreement which is later incorporated into a divorce decree is not subject to subsequent modification by the court except as provided for by the agreement or as subsequently agreed to by the parties. *In re Marriage of Hedrick*, 21 Kan. App. 2d 964, 967, 911 P.2d 192 (1996); see K.S.A. 2013 Supp. 23-2712(b).

5

Alternatively, when a court has ordered maintenance, it retains the power to modify future maintenance payments that have not already become due, irrespective of whether the original divorce decree specifically states such retention of jurisdiction. *In re Marriage of Evans*, 37 Kan. App. 2d 803, 805, 157 P.3d 666 (2007); *In re Marriage of Ehinger*, 34 Kan. App. 2d 583, Syl. ¶¶ 3, 8, 121 P.3d 467 (2005), *rev. denied* 280 Kan. 982 (2006). However, the power to modify maintenance is limited to reducing such maintenance:

> "'At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due. *The court may not modify without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree. Thus, maintenance may be reduced downward, but not increased upward.*'" (Emphasis added.) *Ehinger*, 34 Kan. App. 2d at 587 (quoting Blaylock & Lambdin, Property Division and Maintenance, 1 Practitioner's Guide to Kansas Family Law § 4.68, p. 4-30 [Leben ed. 2004]).

See K.S.A. 2013 Supp. 23-2903.

K.S.A. 2013 Supp. 23-2904 allows a court to extend maintenance beyond the term in the original divorce decree provided such authority is specifically retained:

> "If the original court decree reserves the power of the court to hear subsequent motions for reinstatement of maintenance and such a motion is filed prior to the expiration of the stated period of time for maintenance payments, the court shall have jurisdiction to hear a motion by the recipient of the maintenance to reinstate the maintenance payments."

Parenthetically, we note the relevant statutory language remains unchanged between the filing of the divorce decree in February 2011, when K.S.A. 60-1610(b)(2)

6

was applicable, and the filing of Eugenia's motion for reinstatement and extension of maintenance in June 2014, when K.S.A. 2013 Supp. 23-2904 was applicable. In the context of the present case, reinstatement means the extension of maintenance beyond the original term provided in the original divorce decree. See *In re Marriage of Diesel*, No. 93,730, 2005 WL 3289430, at *2 (Kan. App. 2005) (unpublished opinion).

In light of these authorities, we need not decide whether the district court's order in the original divorce decree amounted to an adoption of the parties' agreement concerning maintenance or its own order because in neither case was there a specific reservation of jurisdiction to reinstate or extend maintenance beyond the 55-month period. The settlement agreement itself contains no provision for court modification, and the divorce decree only stated "the maintenance outlined in this Decree of Divorce is valid, just and equitable and further reserves jurisdiction concerning said maintenance . . . *for modification* if necessary." (Emphasis added.)

Because the settlement agreement and the original divorce decree did not expressly state or contain language making it unmistakably clear that the district court had continuing jurisdiction to hear motions for reinstatement or extension of maintenance beyond the initial order, the district court lacked jurisdiction under K.S.A. 2013 Supp. 23-2904 to reinstate or extend maintenance beyond October 2014.

Affirmed.