NOT DESIGNATED FOR PUBLICATION

No. 121,724

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

DEBRA CALVERT,
*Appellee*,

and

JOHN CALVERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court, KEVIN P. MORIARTY, judge. Opinion filed June 12, 2020. Affirmed.

*Weston R. Moore*, of Moore Law Center, of Olathe, for appellant.

*Christopher C. Barnds*, of Barnds Law, LLC, of Lenexa, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: In April 2018, Debra Calvert obtained a default divorce from her husband John and was awarded spousal maintenance as part of the divorce decree in the amount of $2,400 per month for 121 months. In December 2018, John sought to terminate his spousal maintenance payments because he was unemployed. After hearing evidence, the district court refused to terminate maintenance and instead temporarily reduced John's monthly payment to $1,050 until May 1, 2020. On appeal, John claims the district court abused its discretion as insufficient evidence supports its findings. We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2018, Debra petitioned to divorce John, her husband of nearly 40 years, and personally served him with the petition, summons, and an ex parte temporary order a week later. However, John never answered the petition nor did he appear at the trial scheduled for April 11. The district court issued its default divorce decree on April 16, and John received a copy.

Based upon facts presented by Debra, the district court found Debra had been a homemaker for most of the marriage, while John worked for various companies as a chemical engineer, making over $170,000 in 2013 and 2014 before retiring at the age of 58. It also found John was likely to reenter the work force soon. The district court assigned Debra an annual income of $15,000 and John an annual income of $160,000. As a result, the district court concluded Debra had the financial need necessary to warrant an award of maintenance and ordered John to pay Debra spousal maintenance of $2,400 per month for a total term of 121 months. It found this maintenance award to be fair, just, and equitable.

Several months later John sought, pro se, to modify the maintenance order. Although John's motion is not in the record on appeal, the district court's subsequent order states it was filed on September 21, 2018. John then failed to appear at the hearing on his motion or pursue his motion further, prompting the district court to dismiss John's motion and grant attorney fees to Debra for John's failure to respond to discovery and appear at the hearing.

Later, John sought to terminate spousal maintenance, but again his motion is not in the record on appeal. Unlike his first motion, the district court does not inform us when the motion was filed. John and Debra's briefs agree it was sometime in December 2018. The district court held an evidentiary hearing on John's motion on April 26, 2019. John

testified in support of his motion and stated his only job in 2018 paid him $19,700—or $100 per hour. According to John, he could not find a job because companies now require chemical engineers to be licensed and most of his professional connections were retired. John had a bachelor's degree in chemical engineering but no license. John believed his odds of getting a job as a chemical engineer were "50-50." When asked by the court to explain how he arrived at the 50-50 calculation, John stated he could get hired to work at $40 per hour but not for a job that pays $160,000 per year.

Debra testified against the motion. She testified her only income derives from doing house-sitting and pet-sitting work, as well as social security. Debra stated she was living with her daughter.

The district court did not grant John's motion. While it found John could not currently earn $160,000 per year—based upon John's own testimony that he could find a job making $40 per hour, which the district court calculated to be roughly $83,000 per year based upon a 40-hour work week—the district court temporarily reduced John's monthly spousal maintenance payment to $1,050 per month from April 15, 2019, until May 1, 2020. The remaining $1,350 per month would not have to be paid. The district court expressly stated it was not modifying its original maintenance order and the original monthly spousal maintenance payment of $2,400 would be reinstated on May 1, 2020, unless John filed a new motion seeking a reduction in spousal maintenance and presented evidence that he could not find a job that paid $160,000 per year. The hearing was set for April 26, 2020. The district court later issued a written journal entry reiterating its findings at the hearing.

John timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION BY
## NOT MODIFYING ITS MAINTENANCE ORDER?

On appeal, John argues the district court did not consider his ability to pay and claims there is insufficient evidence that he could find employment paying him $40 per hour or $83,000 per year. Instead, John claims the evidence shows he is not employable because he has been unable to find a job despite looking for a year. John also asserts the district court erroneously took judicial notice of the fact there were plenty of chemical engineering jobs available, even though John's undisputed testimony showed he could not find a job. Debra counters there is substantial competent evidence in the record to support the district court's findings.

*Standard of Review*

"When reviewing a motion to modify maintenance, this court examines the record to determine if there is substantial competent evidence to support the ruling of the trial court and whether the trial court abused its discretion." *In re Marriage of Evans*, 37 Kan. App. 2d 803, 804, 157 P.3d 666 (2007). Substantial competent evidence is any "'legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion.'" *Geer v. Eby*, 309 Kan. 182, 190, 432 P.3d 1001 (2019). Appellate courts do not weigh conflicting evidence, address witness credibility, or redetermine questions of fact. 309 Kan. at 190.

A district court abuses its discretion when its action (1) is one where no reasonable person would take the view adopted by the district court, (2) is based on an error of law, or (3) is based on an error of fact. *Cheney v. Poore*, 301 Kan. 120, 128, 339 P.3d 1220 (2014). The party alleging an abuse of discretion bears the burden to establish an abuse of discretion occurred. *In re P.J.*, 56 Kan. App. 2d 461, 466, 430 P.3d 988 (2018).

*Analysis*

A district court may award maintenance to a party "in an amount the court finds to be fair, just and equitable under all of the circumstances." K.S.A. 2019 Supp. 23-2902(a). The amount of maintenance is to be based on the need of one of the parties and the ability of the other party to pay. In determining whether to award maintenance, the district court is to consider:

> "(1) the age of the parties; (2) the parties' present and prospective earning capabilities; (3) the length of the marriage; (4) the property owned by the parties; (5) the parties' needs; (6) the time, source, and manner of acquisition of property; (7) family ties and obligations; and (8) the parties' overall financial situation." *In re Marriage of Hair*, 40 Kan. App. 2d 475, 484, 193 P.3d 504 (2008), *rev. denied* April 7, 2009.

A district court "may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due" with reasonable notice given to the affected party. K.S.A. 2019 Supp. 23-2903. Typically, "'[m]aintenance may be reduced upon a showing of a material change in circumstances.'" *In re Marriage of Ehinger*, 34 Kan. App. 2d 583, 587, 121 P.3d 467 (2005), *rev. denied* February 14, 2006. However, in this instance, we are not concerned with whether a material change of circumstances exists because the district court's original maintenance order was not granted as a result of a trial of the facts but by default after considering only evidence from Debra. See *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 281-82, 15 P.3d 359 (2000) (when support order entered by default, court may consider evidence from first proceeding and enter order regardless of whether material change in circumstances exists). As a result, we will only evaluate the district court's maintenance order for an abuse of discretion.

At the conclusion of the hearing on John's motion to terminate maintenance, the district court stated it believed John was not currently able to earn $160,000 per year.

Instead, the district court credited John's own testimony that he could make $40 per hour—which the district court annualized at $83,000 per year based on a 40-hour work week—and temporarily reduced John's spousal maintenance payment to $1,050 per month while staying the remaining $1,350 monthly payment until May 1, 2020. The district court specifically stated it was not modifying the award and the original amount would resume unless John filed a new motion to modify maintenance and provided additional evidence that he could not find a job at $160,000 per year.

Substantial competent evidence presented at the hearing supports the district court's findings. Although we are inclined to agree with John that the district court's statements regarding the availability of work in the chemical engineering field are unsupported by the evidence, there is evidence John could earn income beyond his Social Security. While the district court did find John was unable at the present time to find employment at $160,000 per year, John also testified he could get a job paying $40 per hour. In making that finding, the district court recognized the difficulties of reentering the job market and relied on this testimony to issue its temporary reduction in maintenance payments.

The district court also balanced John's ability to find employment with Debra's financial needs and her ability to get a job. John presented only his testimony about the job market and the required qualifications for chemical engineers. But John failed to present any evidence regarding the extent of his job search. Considering John's admission concerning his ability to make $40 per hour, it cannot be said no reasonable person would take the view adopted by the district court. We see no abuse of discretion in the record before us.

Affirmed.

6